OPINION
This is an appeal by the defendant-appellant, Roger Thomas, from the judgment of the Van Wert County Court of Common Pleas in which he was given the maximum sentence on one count of gross sexual imposition.
The defendant was charged by secret indictment with the offense of gross sexual imposition. Regarding the particular circumstances of this offense, defendant's ex-wife reported to police that he forced her to have sex with him. On May 3, 2000, defendant entered a plea of guilty on the charge. The trial court subsequently conducted a sentencing hearing. The transcript of the hearing indicates the trial court gave defense counsel an opportunity to speak on behalf of defendant, heard a statement from defendant, also heard a statement from Mary Thomas, the victim in the case, and reviewed the pre-sentence investigation report from the Adult Parole Authority and the victim impact statement. The trial court then sentenced defendant on the gross sexual imposition charge, a felony of the fourth degree, to the maximum term of eighteen months imprisonment. The trial court also adjudged defendant to be a sexually oriented offender.
Defendant now appeals, asserting the following three assignments of error:
 The trial court erred when it imposed the maximumsentence.
 The trial court erred when it imposed more than the minimum sentence.
 Appellant received the maximum sentence as a direct result of the ineffectiveness of his trial counsel.
In his first assignment of error, defendant raises two arguments why the trial court's imposition of the maximum prison term should be reversed. The dispositive argument in this case concerns whether the trial court failed to follow the proper sentencing procedures because it did not provide its reasons for imposing the maximum sentence.
R.C. 2929.19(B)(2) provides, in relevant part:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term[.]
Similarly, R.C. 2929.14(C) states that the court:
 [M]ay impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, * * * [or] who pose the greatest likelihood of committing future crimes * * *.
This court has stated in State v. Martin (1999), 136 Ohio App.3d 355, that:
 "In order for an appellate court to adequately review the trial court's reasons for selecting the maximum prison sentence, as well as the trial court's consideration of the seriousness of the offense, we conclude that a trial court making the sentencing determination must list those factors set forth in R.C. 2929.12(B), (C), (D) and (E) that are present in the case under review. After making such a list, the trial court must explain how an analysis and a weighing of those factors support an imposition of the maximum prison sentence as allowed under R.C. 2929.14(C). Without such an analysis, an appellate court is unable to determine whether the trial court in a sentencing hearing fulfilled its obligation to consider those factors specified under R.C. 2929.19(B), (C), (D) and (E)."
Id. at 362, quoting State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported, 1999 WL 352993.
Further, we held that a mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice. Martin, supra, at 362.
At the defendant's sentencing hearing, the trial court made several findings. First, the trial court found two of the factors listed in R.C. 2929.13(B) existed in sentencing defendant for a fourth-degree felony, i.e. that defendant caused physical harm to a person and that the offense is a sex offense. See R.C. 2929.13(B)(1)(a) and (f). Second, the trial court found that the shortest prison term would demean the seriousness of the offense. See R.C. 2929.14(B). Third, the trial court found that defendant committed the worst form of the offense. R.C.2929.14(C). The trial court reiterated these findings in its judgment entry of sentence.
However, it is apparent that the trial court failed to properly consider the R.C. 2929.12 factors regarding the seriousness of the conduct as well as the likelihood of the offender's recidivism. Physical harm suffered by the victim was identified by the trial court under R.C.2929.13(B), but the seriousness factors as set forth in R.C. 2929.12(B)(1) and (2) require the trial court to consider physical injury exacerbated
because of the physical or mental condition or age of the victim andserious physical harm as a result of the offense.
Because the trial court failed to utilize the R.C. 2929.12 factors in making the requisite findings required by R.C. 2929.14 and 2929.19 for imposition of a maximum prison term, defendant's first assignment of error is sustained. Defendant's second and third assignments of error are rendered moot.
In accordance with this opinion, we reverse the sentence of the trial court and remand this case for a new sentencing hearing.
 ________________________ SHAW, J.
HADLEY, P.J. and BRYANT, J., concur.