OPINION
Appellant Brian R. Cantiberry appeals the April 9, 2001 judgment entry of the Hancock County Court of Common Pleas. On January 8, 2001, and as the result of plea negotiations, the appellant entered pleas of guilty to two felonies of the second degree: two counts of endangering children in violation of R.C. 2919.22 (B)(1). On April 4, 2001, the trial court held a sentencing hearing and sentenced the appellant to serve six years with the Ohio Department of Rehabilitation and Correction for each count of endangering children. The trial court further ordered that the six-year terms be served consecutively for an aggregate sentence of twelve years in prison. On April 9, 2001, the trial court filed a written judgment entry of sentencing. This appeal followed, and Appellant now asserts two assignments of error.
 The Trial Court erred by imposing equal prison terms which constitute a disproportionate sentence.
 The Trial Court erred by improperly imposing consecutive prison terms, a sentence which is not supported by the record.
 First Assignment of Error: As this Court has previously noted, "[t]he Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution provide that `excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" State v. Hudson (May 29, 1998), Wyandot App. Nos. 17-97-24, 17-97-28, unreported, at *3, 1998 WL 309271. In order to constitute cruel and unusual punishment, the penalty must be "so greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus. In other words, when comparing the crime committed to the sentence imposed, the punishment must not be grossly disproportionate to the crime committed. Harmelin v. Michigan (1991), 501 U.S. 957, 1005 (plurality opinion). "The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime." Id.
In the case sub judice, the appellant was sentenced to serve two consecutive six years terms of incarceration for endangering children. The separate sentences were within the statutory limits of incarceration permitted for a second-degree felony offense. See R.C. 2929.14(A)(2). Also, the trial court had before it the presentence investigation, which contained information concerning the type of harm that the victim suffered at the hands of the appellant.
The victim was a four-week old infant, the son of the appellant, and entrusted to the care of the appellant at the time that the appellant committed both offenses. As a result of the appellant's action, his son, Logan, suffered severe brain damage, dramatically limiting Logan's mental development. Yet, the appellant maintains that the sentence is disproportionate because the first offense, committed on April 25, 2000, was not as serious as the second offense, committed on April 29, 2000. However, the record demonstrates that after shaking Logan on April 25, 2000, Logan had difficulty breathing, had to be resuscitated, and his right testicle swelled and began to show bruising. A few days later, Logan had a fever and was vomiting. In light of the gravity of the appellant's offense, a comparison of his first offense with his sentence does not give rise to an inference of gross disproportionality. Thus, a comparative analysis of his punishment for the April 25th offense with his punishment for the April 29th offense or the sentences of other defendants in Ohio need not be performed. See Harmelin v. Michigan,supra. Accordingly, this Court finds that the sentence of the trial court did not constitute cruel and unusual punishment.
 Second Assignment of Error: In determining what sentence to impose upon a defendant a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery (1998), 126 Ohio App.3d 36, 50. Trial courts are required "to make various findings before properly imposing a felony sentence." State v. Alberty (March 28, 2000), Allen App. No. 1-99-84, unreported, at *1, 2000 WL 327225. In fact, the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See State v. Martin (1999), 136 Ohio App.3d 355.
When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E)(4). See R.C.2929.41(A). Ohio Revised Code section 2929.14(E)(4) provides, in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b)The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
In making this determination, the "trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing[,]" as well as specify the basis of its findings when necessary. State v. Alberty, supra. (citing State v.Bonanno, (June 24, 1999), Allen App. No. 1-98-59, 1-98-60, unreported, 1999 WL 446439). "When consecutive sentences are imposed under R.C.2929.14, the trial court must also follow the requirements set forth in R.C. 2929.19(B)." State v. Rouse (Sept. 23, 1999), Auglaize App. No. 2-99-13, unreported, at *3, 1999 WL 797052. Ohio Revised Code section2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
In the case at bar, a review of the transcript of the hearing reveals that the trial judge stated on the record that the offenses were "far more serious than not" due to the age of the victim, the level of harm suffered by him, and the familial relationship between the victim and the appellant. The record also reveals that the trial court found that recidivism was more likely than not because of the lack of true remorse on the part of the appellant. The court also found that the imposition of consecutive sentences was necessary to protect the public from future crime and to punish the appellant. Likewise, a review of the record indicates that the trial court found that Appellant's conduct was so serious that consecutive sentences were not disproportionate to the offense.
As to the last finding, the trial court determined that the harm caused by the appellant's offenses was so great or unusual "that no one single prison term can adequately reflect what has been done." The court supported this determination by finding that the victim had suffered great harm, namely, permanent brain damage and an inability to mentally develop beyond the stage of infancy, because of the appellant's conduct during the commission of these two offenses. Although the trial court did not quote the entire language of R.C. 2929.14(E)(4)(b) verbatim[1]
at the conclusion of the sentencing hearing, the record indicates that in this instance the court adequately discussed and made the necessary findings and, therefore, complied with the statutory requirements of R.C. 2929.14(E) in sentencing the appellant to consecutive prison terms.
For all of these reasons, Appellant's assignments of error are overruled and the judgment of the Common Pleas Court of Hancock County is affirmed.
BRYANT and HADLEY, J.J., concur.
[1] This Court fails to understand why the phrases "multiple offenses"and "part of a single course of conduct" were omitted by the trial courtin concluding the sentencing hearing and would urge the trial court tofollow the better practice of utilizing the precise statutory language inall sentencing matters.