OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties. The State of Ohio ("appellant") appeals the November 8, 2000 judgment entry by the Portage County Court of Common Pleas, sentencing Eric Fails ("appellee") to community control sanctions. For the reasons that follow, we reverse and remand the judgment of the lower court.
On April 18, 2000, appellee, twenty (20) years old, was indicted on four counts of trafficking lysergic acid diethylamide ("LSD"). Two counts were in violation of R.C. 2925.03(A) and (C)(5)(d), each felonies of the third degree, and two counts were in violation of R.C. 2925.03(A) and (C)(5)(c), each felonies of the fourth degree. Upon the amendment of the two counts from felonies of the third degree to felonies of the fourth degree, on August 1, 2000, appellee pleaded guilty to four counts of trafficking LSD, in violation of R.C. 2925.03(A) and (C)(5)(c), all felonies of the fourth degree. The trial court accepted appellee's guilty plea and ordered a presentence investigation report.
Thereafter, on November 6, 2000, a sentencing hearing commenced. During the sentencing hearing, upon being asked if he had prior treatment at some treatment centers, appellee responded in the affirmative. The trial court then asked appellee if he continued to use drugs even though he went to those programs. Appellee stated that he did when he returned to Kent State University where he was with the wrong crowd and that it was "big business." The presentence investigation report stated that appellee obtained drug/alcohol counseling at a treatment center in Canton, Ohio, where he was housed at the facility for approximately eight months, and at another treatment facility for approximately one month. The presentence investigation report also showed that, on August 5, 2000, after the instant offense, appellee had new charges pending in Tuscarawas County Court consisting of possession of drug paraphernalia, underage possession of alcohol, and expired plates. The presentence investigation report summarized that appellee did not mention his wrongdoing, that recidivism was likely, and that appellee failed to respond favorably in the past to probation, failed to acknowledge a pattern of drug/alcohol abuse that is related to the offense, and showed no remorse for his actions.
In the November 8, 2000 judgment entry, the trial court sentenced appellee to community control sanctions, subject to the supervision and control of the Portage County Adult Probation Department in the Intensive Supervision Program and on the condition that he successfully complete the Northeast Ohio Community Alternative Program. The trial court stated that the presumption of prison was overcome by the need of the defendant for incarceration and treatment at a community based correction facility.
On November 15, 2000, appellant timely appealed asserting one assignment of error. In appellant's sole assignment of error, appellant contends the trial court erred in sentencing appellee to community control sanctions because the statutory presumption in favor of prison was not overcome. Specifically, appellant argues the trial court did not expressly make the findings required by R.C. 2929.13(D) when it varied from the presumption in favor of prison. Appellant asserts the trial court abused its discretion in granting community control sanctions because appellee's conduct was serious and he was likely to re-offend. Appellant adds the trial court still granted community control sanctions even after it knew prior treatment programs did not work for appellee.
A trial court, sentencing a felony offender, must impose a sentence that is reasonably calculated to achieve the overriding purposes of sentencing, which are to protect the public from future crimes by the offender and others and to punish the offender. R.C. 2929.11(A) and (B). Unless a mandatory prison term is required, a trial court has discretion to determine the most effective method to comply with the purposes of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). In exercising this discretion, a trial court must consider the factors set out in R.C. 2929.12(B) and (C), concerning the seriousness of the offense, and the factors set forth in R.C. 2929.12 (D) and (E), pertaining to the likelihood of recidivism. R.C. 2929.12(A). A trial court may also consider any other factor relevant in achieving the above-stated purposes of sentencing. Id.
After considering the factors of R.C. 2929.12, concerning the seriousness of the offense and the likelihood of recidivism, a trial court is guided by R.C. 2929.13 in deciding what sanction to impose on a felony offender. In particular, in sentencing an offender for a felony of the fourth degree, the trial court must make a determination as to whether any of the factors in R.C. 2929.13(B)(1) apply. If a trial court determines that none of the factors described in R.C. 2929.13(B)(1) apply and, after considering the factors of R.C. 2929.12, finds that community control sanctions are consistent with the purposes of sentencing, then the trial court must impose a sentence of community control sanctions. R.C. 2929.13(B)(2)(b).
Additionally, R.C. 2929.13(D) provides that a trial court may impose community control sanctions in lieu of a prison term if the trial court makes the following findings: (1) community control sanctions would adequately punish the offender and protect the public from future crime because the factors of R.C. 2929.12, indicating a lesser likelihood of recidivism, outweigh the factors indicating a greater likelihood of recidivism; (2) the community control sanction would not demean the seriousness of the offense because the factors of R.C. 2929.12, indicating the offender's conduct was less serious, outweigh the factors indicating the conduct was more serious.
Further, pursuant to R.C. 2929.19(B)(2)(b), when a prison term is not imposed for a felony drug offense in violation of R.C. 2925 of which there is a presumption in favor of prison, then the trial court must make a finding that gives its reason for not imposing a prison term and overriding the presumption, based upon the purposes of felony sentencing under R.C. 2929.11 and the basis of its findings under R.C. 2929.13(D)(1) and (2).
Upon review, in accordance with R.C. 2953.08, an appellate court reviews a felony sentence de novo. State v. Wilson (June 23, 2000), Lake App. No. 99-L-026, unreported, 2000 Ohio App. LEXIS 2766, at 4; State v.Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, 2000 Ohio App. LEXIS 1200. However, a defendant's sentence will not be disturbed absent clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. Wilson, supra,
unreported; State v. Thomas (July 16, 1999), Lake App. No. 98-L-074, unreported, 1999 Ohio App. LEXIS 3334, at 10.
This court has held that an appellate court will reverse a sentence if the appellant demonstrates the trial court statutorily erred or abused its discretion by failing to consider the sentencing factors. State v.Muhammad (Dec. 8, 2000), Ashtabula App. No. 99-A-0080, unreported, 2000 Ohio App. LEXIS 5737, at 6; State v. Chapman (Mar. 17, 2000), Portage App. No. 98-P-0075, unreported, 2000 Ohio App. LEXIS 1074. "[I]t is the trial court's findings under * * * 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v.Sparks (Aug. 16, 2001), Union App. No. 14-01-03, unreported, 2001 Ohio App. LEXIS 3621, citing State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported, 1999 Ohio App. LEXIS 2865; see, also,State v. Martin (1999), 136 Ohio App.3d 355, 362. The sentencing statutes lay out extensive requirements that must be complied with by a trial court to ensure the validity of its sentencing decision. Martin at 360.
If the trial court fails to make the required findings, then the appellate court must remand the matter to the trial court, instructing the trial court to state, on the record, its requisite findings. R.C.2953.08(G)(1). An appellate court's review "would be reduced to combing through the trial record in a speculative attempt to discover what factors the trial court may have relied upon in determining the length of a prison term or the conditions of a community control sanction."Martin, supra, at 362. A trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes since it has the opportunity to observe the demeanor of the defendant and to judge the impact of the crime upon the victims and society. Id. at 361.
In the case sub judice, appellee pled guilty to four counts of violating R.C. 2925.03(C)(5)(c), which provides that trafficking LSD is a felony of the fourth degree that carries a presumption of prison. The November 8, 2000 judgment entry states:
 "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code 2929.12.
"* * *
 "After consideration of the factors under 2929.12, the Court also finds that a community control sanction is consistent with the purposes and principles of sentencing under Revised Code Section 2929.11 and that the Defendant is amenable to an available community control sanction.
 "The Court further finds the presumption for minimum imprisonment is overcome by the need of the Defendant for incarceration and treatment at a Community Based Correction Facility and continued supervision after release."
 The judgment entry makes no other mention of the felony sentencing guidelines or its finding or findings, pursuant to R.C. 2929.19(B)(2)(b), giving a specific reason or reasons for overriding the presumption of prison. As demonstrated, the judgment entry merely states the presumption was overcome by the need for treatment for appellee. Additionally, during the sentencing hearing, there was no mention of the felony sentencing guidelines or the requisite factors. Rather, during the hearing, the trial court stated, "I would prefer to put you in the C.B.C.F. than send you to prison, although that's going to keep you locked up for as much time as you would have had in prison, but at least they have some treatment programs."
The only reference to the statutory guidelines were the trial court's general statements in the judgment entry that it balanced the seriousness and recidivism factors of R.C. 2929.12 and the purposes of sentencing under R.C. 2929.11. The record is devoid of any concrete reference to the requisite findings and reasons under R.C. 2929.19(B)(2)(b) for overcoming the presumption of prison. The trial court merely stated the presumption of prison was overcome by the need for treatment for appellee. We, as a reviewing court, have nothing to pass upon in determining if clear and convincing evidence exists demonstrating whether the record does or does not support the imposition of community control sanctions by the trial court.
For the foregoing reasons, we are obligated to reverse appellee's sentence and remand the matter to the trial court to make the necessary required findings and stated reasons for overcoming the presumption of prison, pursuant to R.C. 2929.19(B)(2)(b). Such a reversal and remand does not imply approval or disapproval of the sentence imposed by the trial court. Appellant's sole assignment of error is sustained. Accordingly, the judgment of the Portage County Court of Common Pleas is reversed and remanded consistent with this opinion.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., dissents, FORD, J., concurs.