The STATE of Ohio, Appellee,

v.

MARTIN, Appellant.

[Cite as *State v. Martin* (1999), 136 Ohio App.3d 355.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-98-31.

Decided June 23, 1999.

356

*Russell B. Wiseman,* Crawford County Prosecuting Attorney, for appellee.

*David Homer,* for appellant.

SHAW, Judge.

Defendant Robert L. Martin appeals the judgment of the Common Pleas Court of Crawford County and asserts one assignment of error:

"The trial court erred prejudicially by imposing consecutive and maximum sentences on appellant in contravention of R.C. 2929.14(E)(3)."

Defendant was indicted by the Crawford County Grand Jury and charged with aggravated murder with a death penalty specification and a three-year firearm specification, aggravated burglary with a three-year firearm specification, burglary, arson, abuse of a corpse, and tampering with evidence.[1] Defendant was tried on these charges beginning November 2, 1998, and on November 13, 1998, the jury found the defendant guilty on all of the charges, but returned a not guilty verdict on the death specification.

The trial court sentenced defendant to a term of life imprisonment without possibility of parole for twenty years on the aggravated murder charge, in accordance with R.C. 2929.03(C)(1)(a). The court determined that the two gun specifications merged for sentencing purposes, and sentenced defendant to an additional mandatory three-year sentence to run consecutively with his aggravated murder sentence, in accordance with R.C. 2929.14(D)(1)(a)(i). Additionally, the court sentenced defendant to the maximum sentences on each other charge, and instructed that all sentences be run consecutively.

In its journal entry, the court made the following statement:

"IT IS ORDERED, ADJUDGED AND DECREED that the court has considered all matters required by Sections 2929.03, 2929.04, 2929.11, 2929.12, 2929.13 and 2929.14 of the Ohio Revised Code."

---

1. The degrees of the crimes defendant was charged with included one special felony sentenced under R.C. 2929.03, one first degree felony, one second degree felony, two third degree felonies, and one fifth degree felony.

The journal entry makes no other mention of the felony sentencing guidelines. However, at the defendant's sentencing hearing, the court made the following statements:

"I know there are certain factors I have to take into consideration when entering any type of sentence.

"And needless to say, I have sat through these two weeks with you. And on most of the things that you were found guilty on, we consider, you know, serious or the most serious crimes that could ever be committed. And the presumption is in favor of prison.

"I find basically that by the nature of the way this crime was committed and by the way that evidence was attempted to be disposed of and the body burnt that this Court in no way can grant any leniency regarding its sentence."

Under Ohio felony sentencing law, a trial court is obligated to make certain findings prior to sentencing a defendant to a maximum sentence. R.C. 2929.19 provides:

"The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

" * * *

"(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."

Similarly, R.C. 2929.14(C) states:

"Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section *only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes,* upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)

Likewise, a sentencing court may order that prison terms be served consecutively only after the court makes certain specified factual findings. R.C. 2929.14(E)(4) states:

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences

are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

" * * *

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."

■ Moreover, when determining the seriousness of the offender's conduct and the likelihood of recidivism trial courts are required to utilize the factors laid out in R.C. 2929.12. Thus, imposition of a maximum prison term or consecutive terms is largely a product of the factual determinations required by that section.

■ Here, our review of the court's journal entry and the sentencing hearing reveals no evidence, other than the trial court's bare statement, that the court considered the R.C. 2929.12 factors required to sentence defendant to the maximum term for aggravated burglary under R.C. 2929.14(C). The record is also devoid of any concrete reference to the factors required for consideration under R.C. 2929.14(E)(4) to sentence the defendant to consecutive terms. Under such circumstances, it would seem appropriate to reverse the sentence and remand the case to the trial court for consideration of the statutory sentencing factors.

However, defendant argues that in this case such a remand would be fruitless and urges us to exercise the power granted to appellate courts under R.C. 2953.08(G) to modify his sentence:

"(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:

"(a) That the record does not support the sentence[.]" See, *e.g. State v. Sheppard* (Nov. 7, 1997), Hamilton App. No. C–961083, unreported, 1997 WL 701349, at *2.

■ A substantial portion of defendant's brief is dedicated to arguing that the record as presented at trial does not support the trial court's sentence. Defendant urges us to disregard the trial court's failure to make findings pursuant to R.C. 2929.14 and to independently determine that the record clearly and convincingly establishes that the trial court's sentence was in error.

■ While we recognize that the sentencing statutes grant appellate courts the power to review and modify sentences, we also observe that the statutes do not require appellate courts to exercise that power in every case. Instead, the statutes provide that an appellate court "hearing an appeal of a sentence * * * *may* increase, reduce, or otherwise modify a sentence that is appealed under this section or *may* vacate the sentence and remand the matter to the trial court for resentencing * * *." (Emphasis added.) R.C. 2953.08(G)(1). In enacting R.C. 2953.08(G), the legislature apparently intended to confer upon appellate courts the power to independently review a trial court's sentencing decisions, which appellate courts have traditionally refrained from doing. See, *e.g.*, Judge Burt W. Griffin & Professor Lewis R. Katz, Ohio Felony Sentencing Law (1998 Ed.) 481. However, the use of the auxiliary verb "may" to qualify the powers of reviewing courts indicates a decision by the legislature to grant appellate courts discretionary power to review specific sentencing decisions. See, *e.g., State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34–35, 7 O.O.3d 119, 120–121, 372 N.E.2d 339, 341. By contrast, the statutes governing sentencing procedures lay out extensive requirements with which trial courts trial courts must comply to ensure the validity of their sentencing decisions. For example, R.C. 2929.19 mandates certain findings by the trial court be made at sentencing hearings:

"(B)(1) At the sentencing hearing, the court, before imposing sentence, *shall* consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

"(2) The court *shall* impose a sentence and *shall* make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

" * * *

"(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;

"(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]" (Emphasis added.)

Here, the legislature's use of the auxiliary verb "shall" evidences an intent to make it mandatory for the trial court to make the specified findings at the sentencing hearing. See, *e.g., State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 385, 632 N.E.2d 897, 900.

Additionally, we observe that R.C. 2953.08(F)(3) provides:

"On the appeal of a sentence under this section, the record to be reviewed *shall* include all of the following, as applicable:

" * * *

"Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed[.]"

When read in conjunction with R.C. 2929.19, which requires that findings be made at the sentencing hearing, R.C. 2953.08(F)(3) indicates a clear intention by the legislature to require appellate courts to review the factual findings of the trial court under R.C. 2953.08(G)'s "clear and convincing" standard, *and* that the appellate record is not complete until such findings have been made.

■■ The sentencing statutes, including those that govern appellate review of sentences, establish a single systematic procedure for felony sentencing in Ohio. See A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July 1, 1993), reprinted in Griffin & Katz, Ohio Felony Sentencing Law, at 619 *et seq.* Therefore, the statutes must be read together, with the purpose of furthering the goals of the sentencing scheme. Cf. R.C. 2929.11(B). It is our belief that if the legislature had intended to mandate that appellate courts conduct a *de novo* sentencing in every case, it would have phrased R.C. 2953.08(G) quite differently. Instead, the legislature provided a mechanism by which appellate courts are to (1) review the propriety of the trial court's sentencing decisions, including whether the findings that support a sentence are themselves supported in the record, and (2) substitute our judgment for the trial court's only upon clear and convincing evidence of one of the four errors described by R.C. 2953.08(G).

There are strong policy reasons that support the legislature's decision to restrict our review. It is self-evident that the trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes. It is the trial court who has the opportunity to observe the demeanor of the defendant, and the trial court who is best able to judge the impact of a particular crime upon its victims and society. The sentencing statutes accordingly place the duty to make the relevant sentencing findings upon the trial court. See R.C. 2929.12, 2929.13, 2929.14, and 2929.19. Without specific findings by the trial court, this court's review would be reduced to combing through the trial record in a speculative attempt to discover what factors the trial court may have relied upon in determining the length of a prison term or the conditions of a community control sanction. Post-hoc justification of a sentence by a reviewing court, particularly a court that lacks the ability to hold sentencing hearings, is surely not the "meaningful appellate review" that the legislature apparently intended.

See, *e.g.*, Judge Burt W. Griffin & Professor Lewis R. Katz, Ohio Felony Sentencing Law (1998 Ed.) 480.

■ In conclusion, we observe that the structure of Ohio felony sentencing law indicates that it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13 and 2929.14, which, in effect, determine a particular sentence. Accordingly, a sentence unsupported by those findings is both incomplete and invalid. In *State v. Hess* (May 13, 1999), Franklin App. No. 98AP–983, unreported, 1999 WL 352993, the Franklin County Court of Appeals reached a similar conclusion:

"In order for an appellate court to adequately review the trial court's reasons for selecting the maximum prison sentence, as well as the trial court's consideration of the seriousness of the offense, we conclude that a trial court making the sentencing determination must list those factors set forth in R.C. 2929.12(B), (C), (D) and (E) that are present in the case under review. After making such a list, the trial court must explain how an analysis and a weighing of those factors support an imposition of the maximum prison sentence as allowed under R.C 2929.14(C). Without such an analysis, an appellate court is unable to determine whether the trial court in a sentencing hearing fulfilled its obligation to consider those factors specified under R.C. 2929.19(B), (C), (D) and (E)." *Id.* at *3.

■ We agree fully with the foregoing approach, and also believe that it applies with equal force to the trial court's decision to impose consecutive prison terms. R.C. 2929.19 mandates that the court make findings supporting its sentence on the record at the sentencing hearing. A mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.

■ Although this court's decision in *State v. Lazenby* (Nov. 13, 1998), Union App. No. 14–98–39, unreported, 1998 WL 812055, held that it was mandatory for the trial court to record its factual findings in the judgment entry, R.C. 2929.19 requires only that the findings be made at the sentencing hearing. Based on the foregoing analysis, we now believe that the "judgment entry" rule proposed in *Lazenby* presents an unnecessary and unfounded obstacle for sentencing courts and should be expressly overruled. However, we agree with the Tenth District that "as an aid to appellate review, the better practice would be for the trial court to analyze the seriousness of the offense as noted above in the judgment entry." *State v. Hess* (May 13, 1999), Franklin App. No. 98AP–983, at *2, 1999 WL 352993.[2]

---

2. In sum, we believe that the sentencing process under R.C. 2929.19 should be conducted in similar fashion to plea proceedings under Crim.R. 11, in that any requisite statutory findings

For the same reasons, we also now reject the rule proposed in *State v. Wood* (Nov. 25, 1998), Van Wert App. 15–98–14, unreported, 1998 WL 833614. The actual holding of *Wood* attempted to create an exception to the *Lazenby* rule that findings must be set forth in the judgment entry. However, the *Wood* opinion permits the inference that the mere presence of evidence in the record supporting the sentence is sufficient to comply with the sentencing statutes, whether or not that evidence was expressly relied upon by the sentencing judge. We believe this inference is incorrect and cannot be adequately overcome by modifying or interpreting the *Wood* opinion beyond its limited holding. Accordingly, both *Lazenby* and *Wood* are expressly overruled to the extent those opinions are inconsistent with the rules announced herein.

Because the trial court in this case wholly failed to make the findings required by R.C. 2929.14 and 2929.19, we sustain defendant's sole assignment of error. In accordance with the foregoing opinion, we reverse the sentence of the Crawford County Court of Common Pleas and remand this case for a new sentencing hearing.

*Judgment reversed*
*and cause remanded.*

HADLEY and WALTERS, JJ., concur.

must be strictly set forth between the trial judge and the defendant at the sentencing hearing, and that the judgment entry should at the very least recite that this was done.