OPINION
Defendant-appellant David R. Unger ("Unger") brings this appeal from the judgment of the Court of Common Pleas of Allen County sentencing him to seven years incarceration for conviction on a charge of attempted rape.
On July 13, 1999, Unger sexually assaulted his three-year-old victim. Unger was indicted on one count of rape in September of 1999. On February 2, 2000, Unger entered a negotiated plea of guilty to one count of attempted rape. On July 6, 2000, the trial court sentenced Unger to seven years in prison for this conviction.
Unger raises the following assignment of error:
 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.14(B) and R.C. 2953.08(A)(4).
 In reviewing a sentence, appellate courts are to (1) review the propriety of the trial court's sentencing decisions, including whether the findings that support a sentence are themselves supported in the record. State v. Martin (1999), 136 Ohio App.3d 355, 736 N.E.2d 907. The appellate court should only substitute its judgment for that of the trial court upon clear and convincing evidence of one of the four errors set forth in R.C. 2953.08(G). Id.
Unger argues in his assignment of error that the record does not support the trial court's finding that the minimum sentence would demean the seriousness of the offense. R.C. 2929.14 states in pertinent part:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in [R.C. 2907.02 or in R.C.2925], if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not serve a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 In this case, the trial court reviewed all of the statutory factors and determined that a prison sentence was appropriate. The trial court concluded that Unger had used his position of trust within the family to molest a three-year-old girl. The trial court then determined that although Unger had no prior convictions, the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. This conclusion was based upon the pre-sentence investigation report, the testimony of the psychologist, and the statements made by the grandmother of the victim concerning the impact of the offense on the family. Since the evidence supports the trial court's findings and the sentence does not exceed the maximum sentence set forth in the statute, there is no abuse of discretion in the sentence. The assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
SHAW and WALTERS, JJ., concur.