OPINION
Defendant-appellant Jerry E. Furr ("Furr") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County sentencing him to consecutive sentences.
In May 2000, Furr was charged with five counts of rape against the twelve-year old daughter of his live-in girlfriend. Pursuant to a plea agreement, Furr pled guilty on October 27, 2000, to five counts of sexual battery and the rape charges were dismissed. A pre-sentence investigation was completed and provided to defense counsel and the State for review. On December 11, 2000, Furr was sentenced to four years in prison on each count with Count 1 and Count 2 to be served consecutively and Counts 3, 4, and 5 to be served concurrently. It is from this judgment that Furr appeals.
Furr makes the following assignments of error.
 The trial court erred and acted contrary to law by failing to state on the record the requisite findings and its reasons for the consecutive sentence imposed upon Furr as required by R.C. 2929.19(B)(2)(c).
 The trial court erred and acted contrary to law by sentencing Furr to four years of imprisonment on each of five counts, with counts one and two consecutive to each other, as said sentence is not supported by the record.
 The trial court imposed consecutive sentences upon Furr pursuant to R.C. 2929.14(E)(4) and said consecutive sentences exceed the maximum prison term allowed by division (A) of said section, thus entitling Furr to appellate review pursuant to R.C. 2953.08(C).
In the first and second assignments of error, Furr argues that the trial court erred in imposing consecutive sentences.
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
R.C. 2929.14(E)(4). The trial court must make findings and give reasons for selecting the sentence when it imposes consecutive sentences. R.C.2929.19(B)(2)(c). These findings must be made at the sentencing hearing. State v. Martin (1999), 136 Ohio App.3d 355, 736 N.E.2d 907.
Here, the trial court stated at both the hearing and in the judgment entry that it had reviewed the pre-sentence investigation report and the statements made by Furr. As a result, the trial court made the following statements at the sentencing hearing.
 The Court further notes that, for the record, it has fully considered the information contained in the pre-sentence investigation report prepared by the Adult Parole Authority. Report was furnished to, uh, or made available to both the defense counsel and the office of the prosecuting attorney for their review prior to this hearing, and that defense counsel did indeed review the pre-sentence investigation.
 The Court now being fully informed of the circumstances surrounding the charge, and finding no just cause which would preclude pronouncement of sentence finds, that after considering the factors pertaining to the seriousness of the offenses and whether the defendant is likely to recidivate, that the offender is not amenable to community control, and that prison is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 Particularly, as to the seriousness factors, the Court finds, uh, the victim was a twelve year old who relates that she is afraid of the defendant. The defendant held the position of trust in relation to this child and his relationship with this child facilitated the offense.
 The defendant, uh, is therefore, as the sentence of this Court, shall be sentenced to a basic prison term of four years on each count, which shall be served in the custody of the Director of the Department of Rehabilitations and Corrections.
* * *
 The Court finds that the shortest prison term possible would certainly demean the seriousness of the offense.
 The Court further orders that the, uh, sentence on count one and count two be served consecutive one to the other. Uh, it being necessary to fulfill the purposes of R.C. 2929.11. And, that the remaining three counts be served concurrently to counts one and two.
 The Court finds that consecutive sentence is necessary to punish the defendant. That it's not disproportionate to the seriousness of the defendant's conduct and to the danger imposed to any child who is a victim of such offense. And that the harm caused was grave, and no single prison term could adequately reflect the seriousness of the offender's conduct.
 As to those findings, the Court finds that today remorse was expressed but at the time of the plea, the defendant justified his actions, uh, primarily indicating the stress in his life and the fact that the girl's mother was no longer sleeping with him. Uh, also, this is the second time this child has been victimized by a male caretaker and the defendant admitted to knowing about the previous victimization of this child, I guess thereby making her easier prey. The child reports having problems sleeping. And, I understand and took into consideration the defendant denies there was any force, but the child reports otherwise. As well as the child reports there were threats not to tell anyone or that they would both go to prison. While the defendant denies that these threats occurred, it is hard to believe that one could engage in sexual conduct with a twelve year old and not indicate in any shape or form that it was improper to be revealing such things.
 Also, there was no birth control used, and multiple incidences of sexual conduct which thereby further potentially endangered this child, and again shows no consideration for this child or her future.
Transcript, p. 12-15. These findings were supported by the information in the pre-sentence investigation report and the statements Furr made at the sentencing hearing. Based upon these findings, the trial court concluded that consecutive terms were necessary to punish the defendant; consecutive sentences were not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses; and, because the harm caused was great, and that no single prison term could adequately reflect the seriousness of the offender's conduct.
Furr argues that because the trial court did not specifically find him to be a danger to the public, the imposition of consecutive sentences is inappropriate. This argument is based upon the claim that the trial court only found him to be a danger to the victim, not the public. However, the trial court stated that he was a danger to any child. Since children are a part of the public, this statement is sufficient to establish the danger to the public. Additionally, the statute specifically provides that the trial court can impose consecutive sentences if they are necessary to protect the public or to punish the offender. The trial court in this case stated both reasons for imposing consecutive sentences. Thus, the trial court made all of the findings required by the statute and set forth its reasons for those findings. The first and second assignments of error are overruled.
The third assignment of error alleges that the sentence is contrary to the purpose of felony sentencing. The purpose of felony sentencing is to protect the public from the offender and to punish the offender. R.C.2929.11(A). Additionally, the sentence will not demean the seriousness of the crime and the impact upon the victim. R.C. 2929.11(B). The facts of this case indicate that Furr engaged in at least five instances of sexual conduct, including intercourse, with a 12 year old girl over a course of several months. In doing so, Furr took advantage of his position as a caretaker, and threatened the child to remain silent about the conduct. Although Furr showed some remorse at the sentencing, he still placed some of the blame on the child. Given these facts, the trial court did not violate the sentencing guidelines.[1] Thus, the third assignment of error is overruled.
The judgment of the Court of Common Pleas of Wyandot County is affirmed.
 __________________ BRYANT, J.
 WALTERS, P.J., and SHAW, J., concur.
[1] Furr argues that another defendant got the same sentence for a charge of rape, two counts of gross sexual imposition, and one count of disseminating matter harmful to juveniles. However, Furr's conviction was the result of a guilty plea to five counts of sexual battery reduced, pursuant to a plea agreement, from five counts of rape.