OPINION
Appellant Bobby R. Fyffe, Jr. appeals the April 27, 2001 judgment of conviction and sentence of the Common Pleas Court of Auglaize County. On August 19, 2000, the appellant shot and killed seven-year-old Isaac Lyle with the mistaken belief that the gun that he was firing was unloaded and on safety. Subsequent testing, as well as Appellant's own admissions, revealed that the appellant was under the influence of alcohol and a drug of abuse at the time of the shooting. Appellant was indicted by a grand jury for one count of involuntary manslaughter with a firearm specification in violation of R.C. 2903.04(B), one count of using weapons while intoxicated in violation of R.C. 2923.15(A), and one count of negligent homicide in violation of R.C. 2903.05(A).
On February 22, 2001, as the result of plea negotiations, the appellant entered a plea of guilty to a felony of the third degree: an amended count of involuntary manslaughter in violation of Ohio Revised Code section 2903.04(B). On April 27, 2001, the trial court held a sentencing hearing and sentenced the appellant to serve five years with the Ohio Department of Rehabilitation and Correction. On that same date, the trial court filed a written judgment entry of sentencing. This appeal followed, and Appellant now asserts one assignment of error.
 THE TRIAL COURT ERRED BY APPLYING THE MAXIMUM SENTENCE FOR THE DEFENDANT'S OFFENSE.
Initially, this Court notes that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2929.19(G)'s `clear and convincing' standard,and that the appellate record is not complete until such findings have been made." State v. Martin (1999), 136 Ohio App.3d 355, 361. Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
Ohio Revised Code section 2929.13(C) states in pertinent part that "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." Protecting the public from future crimes and punishing the offender are "[t]he overriding purposes of felony sentencing[.]" R.C. 2929.11. "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.
The Ohio Revised Code gives much discretion to a trial court "to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). However, R.C. 2929.12 mandates various factors, regarding the seriousness of the offense and likelihood of recidivism, that the court must consider in determining sentencing. In addition, "a trial court is obligated to make certain findings prior to sentencing a defendant to a maximum sentence." State v. Martin,136 Ohio App.3d at 361. Revised Code section 2929.14(C) provides, in relevant part:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense * * *.
 The appellant maintains that the trial court did not effectively weigh the sentencing factors and that the imposition of the maximum sentence was unreasonable and clearly erroneous. Appellant's argument is based on the fact that he was not a repeat offender, not a major offender, and that he does not pose the greatest likelihood of repeating such conduct. The appellant also contends that the trial court relied too heavily upon the appellant's alcohol and drug abuse both at the time of the offense and while out on bond.
During the sentencing hearing, the trial court found, pursuant to R.C.2929.12(B)(2) that the victim suffered physical harm in that he died as a result of the appellant's offense. The court also found that the victim "and his family suffered serious not only physical but mental psychological harm, which was exacerbated by the condition, specifically the age [seven] of the victim" in accordance with R.C. 2929.12(B)(1). (Sent. Trans. p. 17.) The trial court specifically found that the relationship between the victim and the appellant did not facilitate the offense, there was no provocation by the victim, and the victim did not facilitate the offense, but rather that the victim was "just standing at the wrong spot." (Id.)
In addition, the trial court found that the appellant "could not say that he did not expect to cause physical harm to any person under that circumstance" because "[t]he act of pointing a weapon and pulling the trigger without even any care as to where it was pointing at the time" was reckless. (Id. at 17-18.) The court then found that there were not substantial grounds to mitigate based upon the same rationale, pursuant to R.C. 2929.12(C)(4). As a result of the aforementioned findings, the court determined that "[t]he defendant's conduct [was] more serious than conduct normally constituting the offense." (Id. at 18.)
The trial court then considered the recidivism factors and found, in accordance with R.C. 2929.12(E)(4), that the appellant's "continued use of drugs and alcohol while out on bond demonstrates that the circumstances are likely to recur." (Sent. Trans. p. 20.) Pursuant to R.C. 2929.12(D)(2),(5), and (E)(2), the court also found that the appellant showed remorse for his actions, and did not have a long history of criminal convictions or an adjudication of delinquency. However, the court determined "in light of that drug and alcohol problem and continued use of drugs and alcohol * * * that the likely to reoffend factors outweigh those opposed to it." (Id.)
In conclusion, the court found that
 a prison term is consistent with the purposes and principles of sentencing as set forth in Section 2929.11
of the Revised Code, and the Defendant is NOT AMENABLE at the present time to an available Community Control Sanction or combination of available Community Control Sanctions. The Court further finds that the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public from future crime by the offender or others.
 (Id. at 20-21.) The court then stated that "[t]he reckless nature of the handling of that weapon under all of these circumstances, while under the influence of alcohol and while under the influence of drugs both, is the worst form of the offense, of this offense that's charged" and that it could not say "that the Defendant does not pose a likelihood of committing future crimes[.]" (Id. at 21-22). Furthermore, the court noted that while the appellant did not have a long criminal conviction history, he admitted to having a long criminal history of using illegal drugs and consuming alcohol while under the legal age of consumption.
It is this Court's conclusion that the findings of the trial court were supported by the record and that the procedures mandated by the relevant sentencing statutes were properly followed. The trial court considered all the pertinent factors imposed by R.C. 2929.12 and made specific, factually based findings as to each. In addition, the court found that this was one of the worst forms of the offense, as required by R.C.2929.14(C). The appellant has failed to demonstrate by clear and convincing evidence that the trial court committed the type of error(s) contemplated by R.C. 2953.08(G).
For all of these reasons, Appellant's assignment of error is overruled and the judgment of the Common Pleas Court of Auglaize County is affirmed.
WALTERS, P.J., and BRYANT, J., concur.