OPINION
This is an appeal from the judgment of the Auglaize County Court of Common Pleas that sentenced the Defendant-appellant, Mark White (White) to four years in prison.
On August 21, 2000, two men, later identified as White and William Carter, entered the Big Bear Plus store in Wapakoneta, Ohio and stole several packs of cigarettes. After observing the theft, the store security guard attempted to prevent the two men from leaving the store. The security guard advised the men that he had seen them take the cigarettes and that they should return to the store. At this point, White pushed the security guard to the ground and the two men got in their vehicle and sped away. The security guard suffered bruising and scraping to his elbow in the fall.
As White and Carter drove away, the guard observed the license plate number on the car, which he subsequently he reported to the investigating officer. Later that same day, Lima police officers observed the vehicle and attempted to make a stop. White and Carter fled on foot and the officers gave chase. While the two men managed to avoid apprehension, the police officers did recover twenty-three packs of cigarettes from their abandoned vehicle.
After viewing the surveillance video from Big Bear, an officer of the Adult Parole authority identified White and Carter. While Carter was not apprehended at that time, White was arrested and subsequently indicted for one count of robbery under R.C. 2911.02(A)(2), a felony of the second degree, one count of robbery under R.C. 2911.02(A)(3), a felony of the third degree, and one count of theft under R.C. 2913.02(A)(2), a misdemeanor of the first degree.
On March 7, 2001, White appeared at arraignment with counsel and pled not guilty to each count. However, on April 12, 2001, White appeared to change his plea. At the hearing, White plead guilty to counts two and three of the indictment. In exchange for the plea, the State of Ohio dismissed count one of the indictment and recommended a two year sentence with another six month sentence to be served concurrently. Accordingly, the trial court accepted White's plea and found him guilty of counts two and three of the indictment.
On May 30, 2001, a sentencing hearing was held. At the sentencing hearing, the trial court considered the sentencing factors in R.C. 2929.12
in light of White's numerous prior criminal convictions listed in the presentence investigation report, White's own statements concerning his drug abuse, and a report by a drug and alcohol therapist. Accordingly, the trial court sentenced White to prison for four years with an additional six-month jail term to run concurrently. Additionally, the trial court also suspended his driver's license for three years.
White now appeals asserting a single assignment of error:
 The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code 2929.14[1] resulting in Defendant-Appellant receiving a sentence contrary to law.
 An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that the record does not support the sentencing court's findings or that it is otherwise contrary to law. State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, as the trial court has the best opportunity to examine the demeanor of the defendant, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Id.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct" which include in relevant part, whether there was serious physical harm to the victim, whether the victim facilitated the offense, whether the offender acted under strong provocation, whether the offender did not expect to cause physical harm and any other relevant factors. The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism" which includes in relevant part whether the offender has a history of criminal convictions or has been adjudicated a delinquent child, whether the offender has been rehabilitated to satisfactory degree or has not responded favorably to treatment, whether the offender has demonstrated a pattern of alcohol or drug abuse that the offender refuses to acknowledge or refuses treatment, and any other relevant factor.
R.C. 2929.14(A)(2) provides that an offender who commits a felony of the third degree may be sentenced from one to five years in prison if the trial court finds that a prison term complies with the purposes and principles of sentencing under R.C. 2929.11 and 2929.12.
In this case, the trial court found that the more serious factors outweighed the less serious factors as the security guard was injured, White put the public at risk because of White's flight, the victim did not facilitate the offense, White did not act under strong provocation, and physical harm was to be expected. The trial court also found that White has the greatest likelihood of reoffending as he has a juvenile history which includes burglary, breaking and entering and criminal trespass as well as an extensive adult criminal history including a conviction for criminal trespass, eleven convictions for theft, two convictions for petty theft, a breaking and entering conviction, four convictions for obstructing official business, one conviction for possession of crack/cocaine, one conviction for receiving stolen property, and several other convictions including failing to stop after a signal of a police officer, resisting arrest, driving under suspension and no operators license. The trial court also noted that White continues to use drugs and has not demonstrated any desire to stop.
White argues that the trial court erred when it did not follow the recommendation of the State. However, in sentencing a defendant, the trial court is not bound by any plea agreement. State v. Smith (Oct. 31, 2000), Union App. No. 14-2000-18, unreported. Further, White argues that the small financial loss and slight harm to the victim demand a lesser sentence. However, considering White's extensive criminal history, we cannot find by clear and convincing evidence that the record did not support the trial court's decision to sentence White to four years in prison. As such, we will not disturb the trial court's decision and White's assignment of error is overruled.
Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS, P.J., and BRYANT, J., concur.
[1] White's assignment of error asserts that the trial court did not follow the sentencing criteria listed in R.C. 2929.14 however his argument in the body of his brief alleges violations of R.C. 2929.12. As, such we will address the argument as it pertains to R.C. 2929.12.