OPINION
Defendant-appellant Anthony E. Agner ("Agner") brings this appeal from the judgment of the Court of Common Pleas of Logan County.
On June 11, 2001, Agner was indicted on seven counts of rape for the sexual abuse of a child under the age of 13.[1] Agner originally pled not guilty to the charges. Pursuant to a plea agreement, Agner entered a plea of guilty to one count of rape of a child under the age of 13. The remaining six counts were dismissed. On October 29, 2001, a hearing was held to determine if Agner should be classified as a sexual predator and to sentence him. The trial court found that Agner was not a sexual predator, but found him to be a sexual offender. The trial court then proceeded with the sentencing hearing. At the hearing, the trial court permitted a representative for the victim to speak and the victim's parents to speak. Agner was then permitted to speak and to submit the statements of several character witnesses in mitigation. The trial court then sentenced Agner to seven years in prison. It is from this judgment that Agner appeals.
Agner raises the following assignments of error.
"The trial court committed prejudicial error and violated [Agner's] constitutional rights to due process of law when it imposed a sentence upon [Agner] in a manner contrary to law — specifically, the court failed to consider mandatory factors set forth in [R.C. 2929.11, 2929.12, and 2929.14].
"The trial court committed prejudicial error and violated [Agner's] constitutional rights to due process of law when it permitted three victim's representatives to speak contrary to [R.C. 2930.02].
"The trial court committed prejudicial error and violated [Agner's] constitutional rights to due process of law when it imposed a sentence upon [Agner] based on reasons not set forth in the statutory guidelines and contrary to Ohio law."
Agner's first assignment of error alleges that the trial court did not consider all of the factors set forth in the statute. R.C. 2929.11
merely addresses the overriding purposes of sentencing, which are to punish the offender and to protect the public from the offender. The record does not indicate that the trial court's sentence violated the purposes of sentencing in any way. The sentence granted was within the range of sentences for a first degree felony. Thus, it is presumed to be appropriate.
Next, Agner claims that the trial court erred in failing to consider the factors set forth in R.C. 2929.12. For a conviction of rape, regardless of the age of the victim, a prison term is mandatory. R.C.2929.13(F). If a prison term is mandatory, the Supreme Court of Ohio has determined that the record need not reflect that the trial court considered the factors set forth in R.C. 2929.12. State v. Arnett
(2000), 88 Ohio St.3d 208, 214, 724 N.E.2d 793. Thus, we need not consider whether the trial court considered the factors set forth in R.C. 2929.12.
Finally, Agner claims that the trial court did not consider the factors set forth in R.C. 2929.14. R.C. 2929.14 provides in pertinent part:
 "(A) Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * *, the court shall impose a definite prison term that shall be one of the following:
 "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
"* * *
 "(B) Expect as provided in division (C), (D)(2), (D)(3), or (G) of this section, in [R.C. 2907.02], or in [R.C.2925], if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14.
Here, the trial court sentenced Agner to seven years. This time is within the prison terms allowed for a first degree felony. However, the trial court did not make the required findings to impose more than the minimum sentence. The trial court stated that the offense requires "more than a minimum type sentence", but failed to state why. This court has previously held that "a sentence unsupported by [the required] findings is both incomplete and invalid." State v. Martin (1999), 136 Ohio App.3d 355,362, 736 N.E.2d 907. We also held that the findings need to be stated on the record, not just supported by the evidence in the record. Id. Here, the trial court's judgment can be supported by the evidence, but the trial court failed to make the required findings on the record. For this reason, we sustain the first assignment of error.
In the second assignment of error, Agner claims the trial court erred by permitting the victim's parents to speak at the sentencing hearing along with the victim representative. R.C. 2930 sets forth the rights of victims. One of these rights is that the victim will be notified of the sentencing hearing and will be permitted the opportunity to speak or to have a representative speak on his/her behalf. The statute specifies that only one representative can be appointed to exercise the rights of the victim. However, the statute does not limit the number of people who may speak at the sentencing hearing. The statute merely requires that the victim or a representative be permitted to speak. It does not limit the trial court to only one speaker. The trial court may permit any person with information relevant to the imposition of sentence to speak at the sentencing hearing. R.C. 2929.19(A)(1).
In this case, the trial court permitted a representative to speak on behalf of the victim. Then the trial court permitted the parents of the minor victim to speak concerning what they think would be the appropriate sentence. The trial court also permitted the defendant to speak in mitigation and accepted several letters written on behalf of Agner to be entered into the record. Since the trial court gave each side the same opportunity to present evidence at the hearing, we do not find that the trial court abused its discretion in permitting the parents to testify at the sentencing hearing. The second assignment of error is overruled.
Finally, Agner claims that the trial court erred by considering facts not in evidence at the entry of the plea in the sentencing. Specifically, Agner claims that the trial court considered the length of the offense even though Agner only was convicted of one offense.
"At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to [R.C.2951.03 or Crim.R. 32.2] and any victim impact statement made pursuant to [R.C. 2947.051]." R.C. 2929.19(B)(1).
Here, the presentence investigation report and the victim impact statement both contained statements that the actions for which Agner pled guilty had occurred several times over a four year period. Agner admitted to these facts in the psychological exam. The fact that Agner was not convicted for these offenses is not required for the trial court to be permitted to consider them in determining the seriousness of the offense and the appropriate sentence. As long as the trial court does not exceed the sentence permitted by statute, it is free to consider any relevant information, including that which would not be admissible at trial, for the purposes of sentencing. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Logan County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part and reversed in part.
SHAW, P.J., and HADLEY, J., concur.
[1] The abuse began when the child was 8 and continued until she was approximately 14 years of age.