OPINION
The defendant-appellant, Amy J. Becker ("the appellant") appeals from a judgment of sentence of the Allen County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. During the summer of 2001, a series of armed robberies took place in and around Allen County. The appellant was arrested in early October, 2001, in connection with an armed robbery of the Huntington Bank on Allentown Road that occurred on August 27, 2001. In the commission of that crime, the appellant waited in the car outside of the bank while her boyfriend, wearing a nylon stocking over his head and carrying a long-barreled gun, robbed the bank of approximately $10,000. The money was used to pay rent, buy food, shop, stay at motels, and buy crack cocaine.
After the arrest, the appellant indicated that she and her boyfriend had been involved in a number of robberies and that she was the driver during those offenses. The appellant, with counsel, entered into negotiations with the state wherein she offered to be a key witness in the trial of her boyfriend/co-defendant, Dion Florence. Pursuant to the agreement, she would plead guilty to the offense of aggravated robbery and the state would recommend a sentence of four years.
On November 7, 2001, the appellant appeared before the trial court on a bill of information which charged the appellant with one count of Aggravated Robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. The appellant waived her right to have her case presented to a grand jury, and entered a plea of guilty to the charge. The trial court then ordered a pre-sentence investigation. The appellant was sentenced to a term of seven years with the Ohio Department of Rehabilitation and Correction.
The appellant now appeals asserting the following two assignments of error:
ASSIGNMENT OF ERROR NO. I
 "The Trial Court committed error prejudicial to the Defendant in that the Trial Court abused its discretion in sentencing the Defendant to a term of seven (7) years imprisonment for a first offense Aggravated Robbery."
 ASSIGNMENT OF ERROR NO. II
 "The Trial Court committed error prejudicial to the Defendant in imposing a sentence upon the Defendant that is contrary to law and not supported by the record."
For purposes of clarity and brevity, we will address the appellant's assignments of error together.
An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that the record fails to support the sentencing court's findings or that the sentence is otherwise contrary to law.[1]
Furthermore, because the trial court has the opportunity to examine the demeanor of the defendant, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes.[2]
The general purpose of sentencing is to punish the offender while protecting the public from future offenses.[3] Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in R.C. 2929.12(B) and (C) relating to the "seriousness of the conduct" which include, in relevant part, whether the victims of the offense suffered serious physical, psychological, or economic harm as a result of the offense and whether the offender committed the offense as part of an organized criminal activity. Here, the trial court found that the victims of the armed robbery suffered serious psychological and economic harm as a result of the offense. The trial court also found that the offense was committed as part of an organized criminal activity. As the appellant herself admitted, the aggravated robbery to which she pleaded guilty was one of a string of armed robberies lasting over two months involving herself and her boyfriend.
R.C. 2929.12(D) and (E) direct the sentencing court to evaluate the factors relating to the "likelihood of the offender's recidivism." R.C.2929.12(D)(4) requires the court to consider whether the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and has refused to acknowledge that pattern, or has refused treatment for the drug or alcohol abuse. The trial court found that the offense was related to the offender's pattern of drug and alcohol abuse. The record reflects that the appellant acknowledged this pattern but does not show whether or not she has refused treatment. R.C. 2929.12(E), which lists certain factors that would indicate the offender's likelihood not to commit future crimes, requires the court to consider whether the appellant was adjudicated a delinquent child and whether the offender had a prior criminal history. With respect to her prior juvenile or adult criminal record, the trial court found that the appellant had once led a law abiding life.
An offender who commits a felony of the first degree may be sentenced from three to ten years in prison if the trial court finds that a prison terms complies with the purposes and principles of sentencing under R.C.2929.11 and 2929.12.[4] The appellant was sentenced to seven years, three years more than the state's recommended sentence but three years less than the maximum. The appellant argues that the trial court erred when it did not follow the state's recommendation. However, the trial court, in sentencing a defendant, is not bound by any plea agreement.[5]
We recognize that the trial court has broad discretion in determining the most effective way to comply with the purposes and principles of sentencing, and in considering the factors in R.C. 2929.12.[6] The trial court herein considered the factors in R.C. 2929.12 before imposing sentence, and the sentence was within the statutory limits described in R.C. 2929.14. Consequently, we find no error in the trial court's judgment of sentence. The appellant's assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 361.
[2] Id.
[3] R.C. 2929.11.
[4] R.C. 2929.14(A)(1).
[5] State v. White (Nov. 27, 2001), Auglaize App. No. 2-01-19;State v. Smith (Oct. 31, 2000), Union App. No. 14-2000-18.
[6] See, generally, White, supra.