OPINION
{¶ 1} Defendant-appellant Thomas A. David ("David") brings this appeal from the judgment of the Court of Common Pleas finding him guilty of aggravated vehicular homicide and sentencing him to eight years in prison.
 {¶ 2} On February 22, 2002, David was traveling south on State Route 501 and turned left in from of the victim's truck. The truck struck David's vehicle, went off the road, and rolled onto its top. The driver of the truck died at the scene. David was transported to the hospital where his blood was drawn. The blood screen indicated a blood alcohol content of .34. On April 11, 2002, David was indicted on one count of aggravated vehicular homicide, a felony of the second degree. David entered a plea of no contest on June 3, 2002, and the trial court entered a finding of guilty. A sentencing hearing was held on July 11, 2002. At that time, the trial court sentenced David to the maximum sentence, eight years in prison. It is from this judgment that David raises the following assignment of error.
 {¶ 3} "The trial court committed error in imposing the maximum term of incarceration where the record does not support the court's findings."
 {¶ 4} In reviewing a sentence, appellate courts are to review the propriety of the trial court's sentencing decisions by determining whether the record supports the trial court's findings. State v. Martin (1999),136 Ohio App.3d 355, 736 N.E.2d 907. The appellate court should only substitute its judgment for that of the trial court upon clear and convincing evidence of one of the four errors set forth in R.C. 2953.08(G). Id.
 {¶ 5} R.C. 2929.14(C) states that a trial court may impose the maximum sentence only upon an offender who has committed the worst form of the offense and who poses the greatest likelihood of committing future crimes. In this case, the trial court reviewed the pre-sentence investigation, the statements made by the victim's family members, the evidence concerning the offense, the letters on behalf of David, and the statement of David. The trial court then reviewed all of the factors set forth in R.C. 2929.12 and found that the victim and the victim's family members had suffered the most serious loss and that none of the less serious factors applied. The trial court also found that David had two prior convictions for driving under the influence without a successful rehabilitation. Thus, the trial court determined that alcohol abuse was the cause of the offense and that only recently had David sought treatment. The trial court then ordered the longest prison term because he found David's offense to be the worst form of the offense and that the sentence was necessary to adequately protect the public and to punish David. Since the trial court made the appropriate findings and the record supports these findings, the trial court did not err in imposing the maximum sentence. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.