OPINION
{¶ 1} The defendant-appellant, Tywone Arrone, appeals the judgment of the Shelby County Court of Common Pleas, sentencing him to serve consecutive prison terms after he pled guilty to three counts of Trafficking in Drugs in violation of R.C. 2925.03.
 {¶ 2} The procedural history and pertinent facts are as follows.
 {¶ 3} On June 14, 2002, Arrone was indicted by the Shelby County Grand Jury on June 14, 2002, on three counts of fifth degree felony Trafficking in Drugs, three counts of fourth degree felony Trafficking in Drugs, and a Specification for forfeiture of a motor vehicle, in violation of R.C. 2929.42. Then, on September 6, 2002, Arrone was again indicted by the Shelby County Grand Jury regarding a second incident of drug trafficking and was charged with two additional fifth degree felony counts.
 {¶ 4} On October 4, 2002, Arrone entered into a plea agreement in which he pled guilty to two counts of fifth degree felony Trafficking in Drugs, one fourth degree felony count of Trafficking in Drugs, and the Specification for the forfeiture of the motor vehicle he was operating at the time of the offense; all of which stemmed from the June 14, 2002 indictment. The State of Ohio dismissed the remaining three counts from the June 14, 2002 indictment and also dismissed the two counts from the September 6, 2002 indictment. Following Arrone's change of plea to guilty, the case was referred for presentence investigation by the Shelby County Adult Probation Department.
 {¶ 5} On November 27, 2002, Arrone was sentenced to a stated prison term of eleven months for each of the two counts of fifth degree drug trafficking, with the sentences to be served concurrently. Arrone was also sentenced to seventeen months in prison for the fourth degree felony drug trafficking charge, which was to be served consecutively to the eleven month prison sentence. In aggregate, Arrone was sentenced to serve twenty-eight months in prison.
 {¶ 6} It is from this decision that Arrone appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I
The trial court erred as a matter of law by imposing consecutive sentences in violation of R.C. 2929.14(E).
 {¶ 7} Trial courts are required to make certain findings prior to imposing a felony sentence.[1] The trial court's findings under R.C.2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid.[2] If upon review an appellate court clearly and convincingly finds that the record does not support a sentencing court's statutorily mandated findings or that a sentence is otherwise contrary to law, R.C. 2953.08(G)(1) and (2) authorize an appellate court to increase, reduce, or otherwise modify, or vacate the sentence and remand the matter to the trial court for re-sentencing.
 {¶ 8} In the case at hand, Arrone contends that the trial court failed to make all of the findings under R.C. 2929.14(E) and2929.19(B)(2)(c) necessary for the imposition of consecutive sentences. Arrone, therefore, requests this court to vacate the trial court's sentence as being contrary to law.
 {¶ 9} When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted.[3] In order for consecutive sentences to be warranted, the trial court must make certain findings as required by R.C. 2929.14(E)(4). R.C. 2929.14(E)(4) provides, in pertinent part, that:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 10} When consecutive sentences are imposed under R.C. 2929.14, the trial court must also set forth its reasons for imposing consecutive sentences.[4]
R.C. 2929.19(B)(2) provides that:
a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
 {¶ 11} In a recent decision by the Supreme Court of Ohio, the Court held that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[5] The Court went onto to state that:
While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.[6]
 {¶ 12} Therefore, in order to determine whether the trial court made the required statutory findings under 2929.14(E)(4) and whether it stated its reasons for imposing the consecutive sentence at the sentencing hearing in accordance with R.C. 2929.19(B)(2), we review the record of the sentencing hearing and the sentencing entry made by the trial court.
 {¶ 13} We note that in the present case the trial court made all of the necessary statutory findings in its November 27, 2002, judgment entry, but this alone is not sufficient to satisfy the mandates of the sentencing statutes. The trial court must also set forth its reasons for consecutive sentences on the record at the sentencing hearing.[7]
 {¶ 14} Pursuant to R.C. 2929.14(E)(4), the trial court is first required to find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Here, the trial court stated on the record at the sentencing hearing that:
[Y]ou've been previously on community sanctions to this court for drug-related activity and you continue to do it. Even while you're on community sanctions you continue to sell crack.
In light of that, the Court feels that it's necessary to protect the public and feels that prison time is appropriate.
 {¶ 15} This finding by the trial court meets the first requirement of 2929.14(E)(4) and the supporting factual explanation setting forth the basis for the finding complies with R.C. 2929.19(B)(2)(c).
 {¶ 16} The trial court is next required to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,"[8] and if it does make such a finding, its reasons therefore.[9] The trial court failed in this regard. While the sentencing judgment entry does reflect this finding, the trial court failed to state its reasons supporting this finding on the record at the sentencing hearing. Thus, the trial court has not satisfied the mandates of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error and requires a remand of the matter for sentencing.[10]
 {¶ 17} Based upon the foregoing, we sustain the appellant's assignment of error.
 {¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court. Accordingly, the judgment of the Court of Common Pleas of Shelby County is vacated and the cause remanded to that court for resentencing of the defendant.
Judgment reversed.
WALTERS, and SHAW, JJ., concur.
[1] State v. Cahill, Shelby App. No. 17-01-19, 2002-Ohio-4459, ¶ 26; citing, State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84.
[2] Id.; citing State v. Martin (1999), 136 Ohio App.3d 355.
[3] See R.C. 2929.14(E)(4).
[4] See State v. Roberts, Logan App. No. 8-03-01, 2003-Ohio-3212, ¶ 24.
[5] State v. Comer, 99 Ohio St.3d 463, paragraph one of the syllabus,2003-Ohio-4165.
[6] Id., at ¶ 21 (citation omitted).
[7] Id.; See, also, State v. Roberts, Logan App. No. 8-03-01,2003-Ohio-3212, ¶ 24.
[8] See R.C. 2929.14(E)(4).
[9] See R.C. 2929.19(B)(2).
[10] State v. Schmidt, Mercer App. No. 10-01-10, 2002-Ohio-490; (citations omitted).