OPINION
{¶ 1} Defendant-appellant, Cory A. Barnard, a.k.a. Cory A. Baenard, appeals the September 29, 2004 judgment and sentence of the Common Pleas Court of Auglaize County, Ohio, sentencing him to the maximum prison term of five years imprisonment.
 {¶ 2} On June 13, 2004 a robbery was reported at the Dairy Queen on Bellefontaine Street, Wapakoneta, Auglaize County, Ohio. A man ordered a malt beverage, and then handed money to the employee behind the counter. When the cashier opened the drawer, the man reached over the counter and attempted to grab the money from the cash drawer, telling the cashier that he had a knife. He then exited the restaurant, and fled to a car being driven by a female companion. As the vehicle sped off, one witness was able to retrieve a license plate number.
 {¶ 3} Witnesses reported the incident to the police and relayed the license plate number and the direction the vehicle was headed. The police stopped a vehicle matching the description, and detained the occupants, Defendant Barnard and Jessica Wilson. Barnard matched the description of the suspect given by the witnesses at the Dairy Queen, and Barnard admitted having been there. The police recovered four knives from the vehicle.
 {¶ 4} The police incarcerated Barnard and Wilson. While incarcerated at the Auglaize County facility Barnard attempted suicide by attempting to cut his wrists with a broken piece of metal. When corrections officers intervened, Barnard charged them, tackled one and struck another.
 {¶ 5} Barnard was indicted on one count of robbery while threatening to inflict physical harm on another in violation of R.C. 2911.02(A)(2), a felony of the second degree. He originally pled not guilty to count one, but after plea negotiations Barnard agreed to plead guilty to a reduced count of robbery while using or threatening the immediate use of force against another in violation of R.C. 2911.02(A)(3), a felony of the third degree. Additionally, Barnard agreed to plead guilty to a Bill of Information charging him with one count of assault of a corrections officer in violation of R.C. 2903.13(C)(2)(b), a felony of the fifth degree. In exchange, the prosecution agreed to recommend that Barnard be sentenced to four years on count I of the amended Indictment, and a consecutive sentence of eleven months on the Bill of Information. All other charges were dropped.
 {¶ 6} The court disregarded the party's joint recommendation and sentenced Barnard to the maximum term of five years imprisonment on the charge of robbery with threat of force. See R.C. 2929.14(A)(3). The court also imposed a six month sentence on the charge of assaulting a corrections officer, with the terms to run concurrently. One affect of this sentence was to increase the time before Barnard was eligible for judicial release. Had the trial court imposed the recommended sentence, Barnard would be eligible for judicial release after 180 days pursuant to R.C. 2929.20(B)(2). However, with the imposition of a five year sentence, Barnard will not become eligible for judicial release until he has served four years of his sentence. R.C. 2929.20(B)(3).
 {¶ 7} Barnard appeals his sentence, challenging the five year maximum sentence imposed by the trial court on the indicted charge of robbery with the threat of force. He argues that the trial court did not follow the requirements of R.C. 2929.14 when imposing his sentence. In his sole assignment of error, Barnard asserts:
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in Ohio Revised Code 2929.14resulting in the defendant-appellant receiving a sentence that iscontrary to law.
 {¶ 8} The trial court is required "to make various findings before properly imposing a felony sentence." State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84, unreported, 2000 WL 327225. We review the sentencing decision of a trial court to determine whether the court's findings are supported by the record, and we may not substitute our judgment for the trial court's without clear and convincing evidence of one of the four errors described in R.C. 2953.08. State v. Martin
(1999), 136 Ohio App.3d 355, 361. "[T]he trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14, which, in effect, determine a particular sentence . . . [and] a sentence unsupported by those findings is both incomplete and invalid." Id.
 {¶ 9} In the case sub judice, the trial court imposed the maximum prison sentence for the offense of robbery with a threat of force, and therefore the court was required to make certain findings pursuant to R.C. 2929.14(C). That section states, in relevant part:
Except as provided in division (G) of this section or in Chapter 2925.of the Revised Code, the court imposing a sentence upon an offender for afelony may impose the longest prison term authorized for the offensepursuant to division (A) of this section only upon offenders who committedthe worst forms of the offense, [or] upon offenders who pose the greatestlikelihood of committing future crimes[.]
R.C. 2929.14(C). Moreover, when making the factual determinations required by R.C. 2929.14, the trial court is required to consider the seriousness and recidivism factors promulgated in R.C. 2929.12(B), (C), (D), and (E). Martin, 136 Ohio App.3d at 362, quoting State v. Hess
(May 13, 1999), 10th Dist. App. No. 98AP-983, unreported.
 {¶ 10} At the sentencing hearing, the trial court examined the factors listed in R.C. 2929.12 and concluded that Barnard's conduct was more serious than conduct normally constituting the offense and that Barnard was likely to recidivate. The record supports the trial court's findings that Barnard was willing and able to cause physical harm, that the victim did not induce or facilitate the offense, and that there were no substantial grounds mitigating Barnard's conduct. See R.C. 2929.12(B). Moreover, the record supports the court's findings that Barnard had a prior history of criminal convictions and had not been rehabilitated to a satisfactory degree. R.C. 2929.12(D)(2) — (3).
 {¶ 11} The trial court also made the requisite findings under R.C.2929.14(C) which enable imposition of the maximum prison term. The trial court found that Barnard had committed one of the worst forms of the offense of robbery. However, we find that the record does not support this finding. The trial court's sole basis for this finding was that Barnard threatened the employee with a knife in the commission of the offense. However, there is nothing in the record to indicate that Barnard threatened the victim by wielding the knife itself, or threatened to cause physical harm. In fact, not single witness could verify that Barnard actually had a knife on his person at the time of the offense, a fact Barnard vehemently denied at his sentencing hearing although as noted earlier, knives were retrieved later from his vehicle. In the meantime, the record of the robbery itself merely reflects that Barnard told the victim that he had a knife, a fact which does not alone support a finding of one of the worst forms of the offense.
 {¶ 12} Moreover, Barnard pled guilty to a violation of R.C.2911.02(A)(3), under which no person may "[u]se or threaten the immediate use of force against another" while committing a theft offense. Under the plain language of the statute, the threat of force is an element of the statutory offense. Accordingly, the fact that Barnard threatened the employee by stating he had a knife cannot be used as the sole basis for concluding that he committed one of the worst forms of the offense — had he not threatened the employee in some fashion he would not have been guilty of a violation of R.C. 2911.02(A)(3) at all.
 {¶ 13} Therefore, the trial court was not permitted to impose the maximum prison term unless its additional finding that Barnard poses the greatest likelihood of committing future crimes was supported by the record. The court based this finding on several factors, including Barnard's admission that he had stolen the knives found in his car for the specific purpose of committing robberies, his lengthy criminal history, and his inability to deal with his drug problems. After reviewing the record we conclude that these findings are supported by the evidence presented at the sentencing hearing.
 {¶ 14} Based on the finding that Barnard poses the greatest likelihood of committing future crimes, the trial court was permitted to impose the maximum prison sentence for the robbery offense. Therefore, the trial court's sentence was not contrary to law, Barnard's assignment of error is overruled, and the judgment and sentence of the trial court is affirmed.
Judgment affirmed.
 Bryant and Rogers, J.J., concur.