OPINION
This is an appeal from the judgment and sentence of the Paulding County Court of Common Pleas sentencing Defendant-appellant, David Kuhlman (Kuhlman) to two, consecutive, four-year terms of imprisonment.
Kuhlman, a forty year old male, worked as the Technology Coordinator and track coach for Defiance Junior High. During his employ with the Defiance School System, Kuhlman befriended several juvenile males and subsequently invited them to his home on numerous occasions. While at his home, Kuhlman engaged in repeated sexual conduct with these juvenile males. After receiving a report of these activities and interviewing two alleged victims, the Defiance County Sheriff's Department questioned Kuhlman. During the presentence investigation (PSI), Kuhlman admitted to engaging in sexual conduct with six juvenile males.
On May 1, 2001, the Paulding County Prosecutor filed a two count Bill of Information charging Kuhlman with two counts of sexual battery under R.C. 2907.03(A)(8), felonies of the third degree, for engaging in sexual conduct with two of the six boys. After waiving counsel and a formal indictment, Kuhlman pled no contest to both counts of sexual battery as listed in the Bill of Information. Accordingly, the trial court found Kuhlman guilty on both counts.
At the sentencing hearing, the trial court noted that it sentenced Kuhlman to a term of imprisonment
 in light of the nature of this offense and the fact that the defendant took advantage of the trust placed in him not only by the school system but by the parents of these boys and also due to the fact that it appears to the court that the defendant does not appear to comprehend the gravity of the what he has done from the comments that were made in the presentence investigation report * * *.
 Additionally, the trial court found on the record that consecutive terms were necessary to protect the public from future crime and to punish the defendant with the court specifically finding that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger that the defendant poses to the public.
The court further found that consecutive sentences were warranted because the harm was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct and that Kuhlman's history of criminal conduct with multiple victims[1] over a long period of time demonstrates that consecutive sentences are necessary to protect the public from future crime.
Moreover, the court noted that
 [T]he thing that disturbs me the most about this is a couple of these young victims, I don't think they comprehend what's happened to them. And unfortunately for them in the future I suspect that they will comprehend what has happened to them. And only God knows how that is going to affect them for the rest of their lives. It's reprehensible the way you have taken advantage of your position and what you have done to these young boys.
 Accordingly, the trial court labeled Kuhlman a sexual predator and sentenced him to four years for each offense to be served consecutively.
Kuhlman now appeals the sentence asserting a single assignment of error:
 The trial court committed prejudicial error when it failed to properly follow the sentencing criteria found in Ohio Revised Code sections 2929.14(E) and 2929.19 (B) when it imposed consecutive sentences on defendant-appellant.
 When reviewing the imposition of a felony sentence, an appellate court must review the propriety of the trial court's decision and then substitute its judgment only upon clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. R.C. 2953.08(G)(2)(a), (b); see also State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, as the trial court has the best opportunity to examine the demeanor of the defendant, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Martin, supra.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, R.C. 2929.14(A)(3) provides that an offender who commits a felony of the third degree may be sentenced from one to five years in prison if the trial court finds that a prison term complies with the purposes and principles of sentencing under R.C. 2929.11 and 2929.12. Furthermore, the trial court may order that multiple prison terms be served consecutively if the imposition of consecutive sentences are necessary to punish the offender or protect the public from future crime and consecutive sentences are not disproportionate to the danger the offender poses to the public and the seriousness of the offender's conduct. R.C.2929.14(E)(4) Additionally, in sentencing an offender to consecutive sentences, the court must find, inter alia, that one of the following apply:
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as a single course of conduct adequately reflects the seriousness of the offender's conduct;
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 2929.14(E)(4)(b),(c). `Accordingly, the trial court must make a finding that gives its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
A reading of the trial court's findings as noted above reveals that the trial court recited the appropriate statutory provisions and gave various reasons for imposing consecutive sentences. Specifically, we find that the trial court satisfied R.C. 2929.14(E)(4)(b) in its discussion of Kuhlman's failure to understand the gravity of the offense and the great emotional harm to the victims as a result of Kuhlman's reprehensible abuse of his position of authority and trust. Moreover, the trial court noted that Kuhlman's actions are even more serious because of his position as a teacher as such offenses create a distrust of all educators. As such, we cannot find by clear and convincing evidence that the trial court's findings are not supported by the record or are otherwise contrary to law.
Based on the foregoing, the judgment of the trial court is affirmed.
WALTERS, P.J., and BRYANT, J., concur.
[1] The trial court is referring to the admission by Kuhlman that he had sexual conduct with four additional boys that did not result in an indictment.