OPINION
Defendant-appellant Gabriel Guthrie ("Guthrie") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County finding him guilty of felonious assault and sentencing him to eight years in prison.
On March 13, 2001, Michelle Guthrie ("Michelle"), age three months, was treated for third degree burns on her left foot and for second degree burns on her left hand and right foot. Upon investigation, the police learned that Guthrie was caring for his daughter on that day. Michelle was fussy and Guthrie decided to punish her. He decided to do so by taking hot tap water, heating it further in the microwave and then placing Michelle's left foot into the water. He then put ointment and gauze over the burns. Two hours later, Michelle's mother arrived home and took the child to the hospital for treatment. The burns have required skin graphs and the full level of injury is unknown.
On April 18, 2001, Guthrie was arraigned on a count of felonious assault and a count of child endangerment. Guthrie entered a plea of not guilty to the charges. Pursuant to a plea agreement, Guthrie appeared before the trial court on May 2, 2001, and entered a guilty plea to the felonious assault charge. The child endangerment charge was dismissed. The trial court ordered the preparation of a victim impact statement and a presentence investigation report. On July 17, 2001, the trial court held a hearing on the matter of sentencing. Following arguments by both sides and questioning by the trial court, the trial court sentenced Guthrie to eight years incarceration. It is from this judgment that Guthrie appeals.
Guthrie raises the following assignment of error.
 The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in R.C. 2929.14 resulting in Guthrie receiving a sentence which is contrary to law.
In reviewing a sentence, appellate courts are to review the propriety of the trial court's sentencing decisions by determining whether the record supports the trial court's findings. State v. Martin (1999),136 Ohio App.3d 355, 736 N.E.2d 907. The appellate court should only substitute its judgment for that of the trial court upon clear and convincing evidence of one of the four errors set forth in R.C. 2953.08(G).Id.
R.C. 2929.14(C) states that a trial court may impose the maximum sentence only upon an offender who has committed the worst form of the offense and who pose the greatest likelihood of committing future crimes. In this case, the trial court reviewed all of the factors and found that the deliberate burning of one's three month old child was one of the worst forms of the offense. This decision was based upon the trial court's finding that Guthrie's position as father of the victim and the inability of the child to protect itself furthered the accomplishment of the crime. The trial court also noted that the crime would likely have a permanent physical and psychological impact on the victim. Finally, the trial court noted that although Guthrie expressed remorse to his wife for the pain he caused her, he did not express remorse for the injury to Michelle and still seemed to be in denial as to his responsibility and the true impact of his actions. This attitude of Guthrie was clear in the following dialogue between him and the trial court.
 The Court: It is this Court's opinion that this Defendant committed one of the worst forms of the offense. I base that on the age of the child and the helplessness of the child. I base that upon the time it took to plan and carry this out. This was not, "The kid's cryin'; I lose my temper and I grab the child and yank it or I back hand the child or I slap the child just in a fit of rage". This took time to plan on how to inflict pain on this child.
 Guthrie: If that's what you say.
 The Court: Yes it is what I say. We know that it took at least the twenty (20) seconds that the Defendant had the water heating in the microwave, if, in fact, his latest account is accurate as to how long he had it in the microwave.
 Guthrie: Twenty (20) seconds ain't gonna get that water that hot. For a good hot cup of coffee it takes two (2) or three (3) minutes.
 The Court: How long did you have it in?
 Guthrie: Twenty (20) seconds.
 The Court: Noted for the record. The defendant committed an act because he wanted to inflict pain upon his own child, and he inflicted a tremendous amount of pain on his own child, and in so doing, permanently injured that child. So it is this Court's opinion that the Defendant committed one of the worst forms of this offense.
Sentencing Transcript, 23-24. Even at the sentencing hearing, Guthrie was still claiming that he never meant to hurt the child, only to punish her.
The Court: Why did you get angry?
 Guthrie: I just don't like cryin'.
 The Court: You don't like crying so you made the baby cry more?
 Guthrie: No.
The Court: You just were angry at the baby for crying?
 Guthrie: I just wanted to give her a reason to cry, but I wasn't tryin' to burn her.
Id. at 10.
Here, the trial court determined that a prison term was necessary and the sentencing factors indicated that the maximum sentence was appropriate. The statements made by Guthrie at the sentencing hearing, the victim impact statements, the presentence investigation report, and the psychological report on Guthrie all support the findings made by the trial court. Thus, the trial court did not err in sentencing Guthrie to the maximum sentence. The assignment of error is overruled.
The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
SHAW and HADLEY, JJ., concur.