OPINION
Defendant-appellant Sean C. Monroe ("Monroe") brings this appeal from the judgment of the Court of Common Pleas of Defiance County revoking community control and reinstating the original sentence.
On January 8, 1999, Monroe was indicted on one count of domestic violence. Monroe was found guilty of this charge. On the day before trial, Monroe committed two new offenses. He was subsequently indicted on one count of burglary and one count of domestic violence. On December 20, 1999, Monroe entered a plea to the second domestic violence charge and the burglary charge was dismissed. The trial court then sentenced Monroe to serve 11 months in prison on each of the domestic violence charges and ordered that they be served consecutively.
On March 10, 2000, Monroe filed a motion for judicial release. A hearing was held on the motion on April 4, 2000. Judicial release was granted and Monroe was placed on community control pursuant to R.C.2929.20. Before his release, Monroe signed the community control agreement which notified that any violation of his community control sanctions could result in his serving a prison term or up to 11 months, which was the original sentence. On April 24, 2001, the State filed a motion to revoke the community control sanctions and reimpose the original sentence based upon violations of Monroe's community control requirements. Monroe admitted to violating the terms of his community control and a dispositional hearing was held on September 13, 2001. The trial court then revoked Monroe's community control and reinstated the original sentence. It is from this judgment that Monroe appeals.
Monroe raises the following assignment of error.
 The trial court erred to the prejudice of Monroe by revoking Monroe's community control and sentencing him to twenty-two months at the Ohio Department of Rehabilitation and Correction without specifically reserving the right to reimpose such time.
Monroe argues that the trial court cannot reinstate his original sentence because the trial court did not expressly state that it was reserving the right to reimpose the sentence.
 If the court grants a motion for judicial release under [R.C. 2929.20], the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under a mandatory condition of the type described in [R.C. 2967.131(A)] and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction.
R.C. 2929.20(I). Monroe argues that this statute requires the trial court to specifically reserve the right to reimpose his sentence in order to be able to reimpose the prison term. The basis for this argument is the belief that the same sort of notice required in R.C. 2929.15 to impose a prison term after a violation of community control sanctions is required by R.C. 2929.20. We disagree.
R.C. 2929.15 concerns the imposition of community control sanctions as the original sentence for an offense. R.C. 2929.15(B) sets forth potential sanctions for violations of community control sanctions.
 If the conditions of a community control sanction * * * is violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a prison term on the offender pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or may impose a prison term on the offender pursuant to [R.C. 2929.14]. * * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(3)].
R.C. 2929.15(B). This court has interpreted this statute to require the trial court to give the offender notice of the potential prison term at the sentencing hearing. State v. Martin (1999), 136 Ohio App.3d 355,736 N.E.2d 907. This requirement arises from the specific language of the statute which requires the notice be given at the sentencing hearing.
The statutory language of R.C. 2929.20(I), however, does not contain the same requirement. This statute deals with judicial release from prison. The placement of the offender under community control sanctions is not the original sentence. The original sentence was the prison term and the offender was given notice of the term at the sentencing hearing when the sentence was imposed. Thus, there is no need for a notice requirement because the offender has already been given notice of the prison term.
Monroe claims that his sentence cannot be reimposed because the trial court did not specifically "reserve the right" to do so at the hearing. We reject this argument. The statute states that the trial court shall reserve the right to reimpose the sentence before the offender can be released. The statute, unlike other sentencing statutes, does not require that the trial court make a finding that it has reserved the right to reimpose the sentence nor does it require that the trial court place the reservation on the record. By ordering the release of the offender pursuant to R.C. 2929.20(I), the trial court has implicitly reserved the right to reimpose the original sentence in order for the offender to be released. The statute does not provide for any alternative. Without the reservation, the release of the offender is not permitted. Since Monroe was granted judicial release, the trial court has reserved the right to reimpose the original sentence by operation of R.C. 2929.20(I). The assignment of error is overruled.
The judgments of the Court of Common Pleas of Defiance County are affirmed.
Judgments affirmed.
SHAW, P.J., and WALTERS, J., concur.