OPINION
{¶ 1} This is an appeal from the judgment of the Hancock County Common Pleas Court which sentenced Defendant-appellant, Stephen McKitrick, to twelve years in prison.
 {¶ 2} On July 19, 2002, 72 year old Maxine Beard ("Beard") was home alone. Her phone rang numerous times between 2:00 am and 4:00 am. Beard did not answer the phone and later took the phone off the hook. At approximately 7:00 a.m., Beard heard knocking on the patio door located in her bedroom. Beard recognized the person as McKitrick, a former tenant of Beard's. McKitrick continued to bang on the windows and doors. Frightened, Beard got out of bed to contact the sheriff's office, but the phone line was dead. Soon after, Beard heard a window shatter in the house. Consequently, Beard grabbed her purse and exited from the other side of the house. While trying to get to her car, McKitrick grabbed Beard and physically restrained and assaulted her as she yelled for help. Eventually, Beard got away from McKitrick and rang a dinner bell located on the property. McKitrick then caught her again, assaulted her, and forcibly took Beard's purse. After discovering that she only had a few dollars, McKitrick demanded that Beard write him a check for $900. In exchange for the $900, Mckitrick released Beard and she drove to safety. An investigation by the Hancock County Sheriff's Department revealed that Beard's phone lines had been cut. Additionally, wire cutters and two bags of crack cocaine were found in McKitrick's car.
 {¶ 3} On July 23, 2002, McKitrick was indicted for Kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree, and Robbery, in violation of R.C. 2911.02(A)(2). McKitrick plead not guilty to both counts, and a jury trial was scheduled. On January 6, 2003, McKitrick pled guilty to both counts in the indictment.
 {¶ 4} On March 26, 2003, a sentencing hearing was held at which the trial court sentenced McKitrick to eight years of prison for kidnapping and four years for robbery to be served consecutively for an aggregate twelve years in prison. McKitrick now appeals this sentence asserting a single assignment of error.
The trial court erred in imposing consecutive sentences, as thesentences are contrary to law.
 {¶ 5} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds by clear and convincing evidence,
(1) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division E(4) of section2929.14, or division (H) of section 2929.20 of the revised code, whichever if any is relevant; [or]
(2) That the sentence is otherwise contrary to law.
R.C. 2953.08(G)(2). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999), 136 Ohio App.3d 355, 361.
 {¶ 6} The general purpose of sentencing is to punish the offender and to protect the public from future offenses. R.C. 2929.11. Furthermore, the sentence should not be demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with that given to similar crimes committed by similar offenders. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct" and the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism." To determine whether these factors are present, the trial court may examine the record, the testimony from any witnesses at the hearing and a PSI, if one is prepared. R.C. 2929.19(B)(1).
 {¶ 7} R.C. 2929.14 provides that an offender who commits a felony of the first degree may be sentenced from three to ten years in prison and an offender who commits a felony of the second degree may be sentenced from two to eight years in prison. Felonies of the first and second degree carry a presumption of a prison term. R.C. 2929.13(D). Accordingly, the court may sentence the offender to more than the minimum prison term if it finds that the seriousness of the offender's conduct would be demeaned or that the public would not be adequately protected. R.C. 2929.14(B)(2). In evaluating whether R.C. 2929.14 has been satisfied, the trial court should look to the factors laid out in R.C.2929.12. Martin, 136 Ohio App.3d at 362.
 {¶ 8} When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E)(4). See R.C. 2929.14(A). R.C. 2929.14(E)(4) provides, in pertinent part:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
* * *
(b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 {¶ 9} In making this determination, the "trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing[,]" as well as specify the basis of its findings when necessary. State v. Alberty, Allen App. No. 1-99-84, 2000-Ohio-1671, citing State v. Bonanno, (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60. "When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C. 2929.19(B)." State v. Rouse (Sept. 23, 1999), Auglaize App. No. 2-99-13, unreported, at *3. R.C. 2929.19(B)(2) provides that,
The court shall impose a sentence and shall make a finding that givesits reasons for selecting the sentence imposed in any of the followingcircumstances: * * *
 (c) If it imposes consecutive sentences under section 2929.14 of theRevised Code, its reasons for imposing the consecutive sentences;
 (d) If the sentence is for one offense and it imposes a prison term forthe offense that is the maximum prison term allowed for that offense bydivision (A) of section 2929.14 of the Revised Code, its reasons forimposing the maximum prison term;
 (e) If the sentence is for two or more offenses arising out of a singleincident and it imposes a prison term for those offenses that is themaximum prison term allowed for the offense of the highest degree bydivision (A) of section 2929.14 of the Revised Code, its reasons forimposing the maximum prison term.
 {¶ 10} McKitrick's principal argument in this appeal is that consecutive prison terms are not supported by the record.[1] We disagree. The trial court stated on the record that consecutive sentences were necessary to protect the public from future crime because of McKitrick's "past, his drug addiction, his clear failure and lack of ability to control his own behavior." Furthermore, the trial court stated that consecutive sentences were certainly required to punish Mr. McKitrick for the "incredibly violent, the threatening, the menacing, for placing Mrs. Beard into these, into what is essentially a living hell."
 {¶ 11} Next, the trial court found that based on the above findings, consecutive sentences would not be disproportionate to the seriousness of his conduct. Finally, the trial court found that the harm was so great and unusual that no one term was sufficient or would adequately reflect the seriousness of McKitrick's conduct. To support these findings the trial court stated,
What strikes me about the conduct on that date, Mr. McKitrick, is as I explained before, I don't think this was simply an impulse or else the facts would be different. This wasn't some crazy single idea that you had and as a result and [sic] you drove out there to get some money. You had things in your car, you had crack, you had cutters, wire cutters, snippers that were found to be in your car. You had called, you had tried to get Mrs. Beard on the telephone. In my judgment, while it was an irrational plan it was a plan nonetheless, in my judgment you knew her circumstances, you were taking advantage of what you knew to be an elderly woman isolated in the country and you thought you had an easy prey in my view.
And then, not only to cut the wires, to break the window, to track her down, to literally hunt her down in the yard, twice to threaten her, to harm her, and then eventually take her money * * *.
 {¶ 12} Reviewing the above recitation by the trial court, we cannot find that the trial court failed to make the appropriate findings or state reasons for those findings pursuant to R.C. 2929.19(B)(2) in order to sentence McKitrick to consecutive sentences for kidnapping and robbery.
 {¶ 13} McKitrick also contends that additional findings and reasons for such findings must be provided pursuant to R.C.2929.19(B)(2)(e) when the aggregate of consecutive sentences given for multiple offenses arising out of a single incident exceed the maximum possible prison term for the highest degree offense individually. We disagree with McKitrick's interpretation of R.C. 2929.19(B)(2)(e).
 {¶ 14} The court in State v. Johnson, Butler App. Nos. CA2001-06-141, CA2001-06-150 and CA2001-06-151, 2002-Ohio-1344, recently considered the application of R.C. 2929.19(B)(2)(e) in a similar situation and stated,
Some courts have interpreted R.C. 2929.19(B)(2)(e) to require maximumsentence findings where a defendant is sentenced to less than maximumsentences on multiple counts, which, when aggregated, equal or exceed themaximum sentence permitted for the highest offense. See State v. Asbegua(Jan. 5, 2001), Greene App. No. 2000CA23, unreported; State v.Youngblood (May 17, 2001), Cuyahoga App. No. 77997, unreported. However,this court has not adopted such an interpretation. This court has foundthat "R.C. 2929.19(B)(2)(e) require[s] reasons be given when a singlemaximum prison term is imposed for multiple offenses, such as where theoffenses merge, are allied offenses of similar import, or in othersimilar circumstances." State v. Beard (Sept. 5, 2000), Clermont App.No. CA2000-02-012, unreported, at 5. Because the statute concerns maximumsentences, it does not apply where maximum sentences are not imposed.See id.; State v. Tapp (Dec. 13, 2000), Delaware App. No.00-CA-A-04-011, unreported.
See, generally, State v. Koch, Auglaize App. No. 2-01-18,2001-Ohio-2322; State v. Gonzalez (June 30, 1999), Allen App. No. 1-98-84.
 {¶ 15} We find this interpretation of R.C. 2929.19(B)(2)(e) persuasive. In the present case, McKitrick was sentenced on separate, multiple offenses of kidnapping and robbery, which the trial court specifically found not to be allied. Furthermore, McKitrick was not sentenced to a maximum term on any one of those offenses. Accordingly, R.C. 2929.19(B)(2)(e) is not applicable. Consequently, McKitrick's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.
[1] McKitrick also makes a side argument unrelated to the assigned error alleging that the trial court treated robbery and kidnapping as one offense for sentencing. We disagree. The trial court found that the offense were not allied and spoke extensively about the facts of this case which support both robbery and kidnapping. Furthermore, the trial court also specifically addressed counts 1 and 2 at the sentencing hearing.