OPINION
{¶ 1} The appellant, Phillip Acord, appeals the August 27, 2003 judgment of the Common Pleas Court of Wyandot County, Ohio, sentencing him to eighteen months of imprisonment.
 {¶ 2} On May 14, 2003, Acord was indicted by the grand jury of Wyandot County. The indictment contained four counts: two counts of tampering with coin machines in violation of R.C.2911.32 and two counts of possessing criminal tools in violation of R.C. 2923.24(A). The two counts of tampering with coin machines further alleged that Acord had previously been convicted of a theft offense, which increased the level of these offenses from first degree misdemeanors to fifth degree felonies pursuant to R.C. 2911.32(B). The four charges stemmed from two separate incidences wherein drink machines at two different stores were pried open with what appeared to be a metal bar and money was taken from both.
 {¶ 3} Acord initially pled not guilty to all four counts but later entered into a plea agreement with the State of Ohio. Pursuant to this agreement, Acord changed his pleas of not guilty to guilty as to the counts of tampering with coin machines. In exchange, the State dismissed the two counts of possessing criminal tools. In addition, the State agreed to stand silent as to sentencing but would recommend that Acord be ordered to make restitution to the victims. A pre-sentence investigation report ("PSI") was ordered, and upon completion, a sentencing hearing was held. At the conclusion of the hearing, the trial court sentenced Acord to nine months of imprisonment on each count to be served consecutively to one another. This appeal followed, and Acord now asserts two assignments of error.
The trial court erred in sentencing Appellant to consecutiveprison terms.
 Appellant's sentence was contrary to law.
As these assignments of error are interrelated, they will be discussed together.
 {¶ 4} Initially, this Court notes that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C.2929.19(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made." State v. Martin (1999), 136 Ohio App.3d 355, 361. Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
 {¶ 5} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery (1998),126 Ohio App.3d 36, 50. However, trial courts are required "to make various findings before properly imposing a felony sentence."State v. Alberty (Mar. 28, 2000), 3rd Dist. No. 1-99-84, unreported, 2000 WL 327225. In fact, the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See Martin, 136 Ohio App.3d 355. Moreover, a trial court is required to provide its reasons for such findings, a requirement "separate and distinct from the duty to make the findings." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 19 (citations omitted).
 {¶ 6} When sentencing an offender for a fifth degree felony, as were charged in this case, the Revised Code requires the court to determine whether certain factors regarding the seriousness of the offense apply. R.C. 2929.13(B)(1). If the court finds that any of the enumerated factors apply "and if the court, after considering the factors set forth in section 2929.12 * * *, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 * * * and finds that the offender is not amenable to an available community control sanction," the court is required to impose a prison term on the offender. R.C. 2929.13(B)(2)(a).
 {¶ 7} In the case sub judice, the trial court found that two of the enumerated factors in R.C. 2929.13(B)(1) applied. Specifically, the court found that Acord had served a prison term previously, see R.C. 2929.13(B)(1)(g), and that he committed the offense while on probation, see, R.C. 2929.13(B)(1)(h). The PSI, which counsel for Acord and the State were permitted to read prior to sentencing, revealed that Acord was incarcerated for a year in Indiana for a felony theft and that he was on probation in Indiana at the time he committed the offenses in the present matter. These facts were and remain undisputed by Acord. Thus, these findings were supported by the record.
 {¶ 8} The trial court also considered the seriousness and recidivism factors enumerated in R.C. 2929.12 and found that Acord had a high likelihood of recidivism. The court noted that Acord had a criminal record including theft in 1996, criminal conversion in 1997, forgery and felony theft in 1999, the current charges, and a charge for passing bad checks in 2003.[1]
The trial court specifically stated that "it appears the only, uh, significant time that the defendant does not violate the law is when he is incarcerated."
 {¶ 9} In addition, the court noted that Acord failed to cooperate with the Adult Parole Authority in the preparation of the PSI, despite being warned by the court that he was to cooperate, and that he failed to conform his behavior to what was "expected or court ordered." The court further noted that with his cases in Indiana, Acord failed to appear in court, violated his supervision, absconded from that supervision, and currently had a warrant for a violation of his probation in Indiana. Thus, the trial court found that a prison term was consistent with the purposes and principles of sentencing of protecting the public from future harm and punishing the offender and that Acord was not amenable to community control sanctions.
 {¶ 10} Given the reasons and findings of the trial court, which were supported by the record and undisputed by Acord, the trial court was required to impose a prison term on him and did not err in so doing. See R.C. 2929.13(B)(2)(a). Therefore, although Acord maintains that the court should have imposed community control sanctions rather than the more serious sanction of imprisonment, he has failed to show by clear and convincing evidence that the trial court committed one of the aforementioned errors described by R.C. 2953.08(G) by sentencing him to prison.
 {¶ 11} Acord further contends that the trial court erred in imposing consecutive sentences upon him. The Revised Code permits a trial court to order that multiple prison terms for convictions of multiple offenses be served consecutively. R.C. 2929.14(E)(4). However, the court must make certain findings before so doing. The Revised Code requires a trial court to find "that the consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(E)(4). In addition, a trial court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(4). However, a sentencing court must also find that one of three factors applies: the defendant committed the multiple offenses while he was awaiting trial or sentencing, under a court imposed sanction, or under post-release control; "[t]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct[;]" or "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4) (a-c).
 {¶ 12} Our review of the sentencing hearing reveals that although the trial court made all of the requisite findings to impose consecutive sentences, not all of these findings were supported by the record nor were all the reasons for these findings. The trial court found that consecutive service was necessary to protect the public from future crime as evidenced by Acord's high likelihood of recidivism. Based upon this same rationale, the court found that Acord's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him in accordance with R.C. 2929.14(E)(4)(c). In addition, as previously noted, the court found that Acord was on probation at the time that he committed these offenses pursuant to R.C. 2929.14(E)(4)(a). All of these findings, as well as the reasons provided for them, were supported by the record as previously discussed herein.
 {¶ 13} However, the court's determination that consecutive sentences were not disproportionate to the seriousness of Acord's conduct and to the danger he posed to the public was not supported by the record. We first note that the trial court did not provide its reasons in support of this finding or otherwise provide any type of explanation for this determination as required. See Comer, 2003-Ohio-4165, at ¶ 19. Further, our review of the record shows the following information about these offenses.
 {¶ 14} Acord used an item that appeared to be a metal bar to pry open two drink machines. The limited evidence in the record disclosed that the machines remained functional with the exception of some scratches and that Acord took a total ofapproximately $52, an amount not quite clear from the record. Moreover, he committed these crimes at night with no one present, so no physical harm came to any person, and these offenses were committed against businesses with which Acord was not affiliated in any way. In short, by ordering these terms to be served consecutively, the court imposed eighteen months of imprisonment for breaking into two drink machines for small sums of money.
 {¶ 15} The Ohio Supreme Court has stated that "[c]onsecutive sentences are reserved for the worst offenses and offenders." Id. at ¶ 21, citing State v. Boland (2002), 147 Ohio App.3d 151,162. In addition, "[c]onsistency and proportionality are hallmarks of the new sentencing law." Comer, at ¶ 21, citing Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12. Thus,
[w]hile consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.
Comer, at ¶ 21 (citation omitted).
 {¶ 16} Although we do not condone such criminal behavior on the part of Acord, the record and findings of the trial court in this case do not warrant a determination that consecutive sentences were proportionate to the seriousness of Acord's conduct, especially in light of the trial court's failure to articulate its reasons to support such a finding. Thus, the trial court erred in ordering that the sentences be served consecutive to one another. Accordingly, the assignments of error are sustained in regards to the consecutive nature of the sentences but overruled as to the imposition of a prison term.
 {¶ 17} For these reasons, the judgment of the Common Pleas Court is affirmed in part, reversed in part, and the cause remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
Cupp and Bryant, JJ., concur.
[1] The plea agreement in the case sub judice also included a provision that the State would recommend to the court that Acord be ordered to pay $1,172.60 to First Citizens National Bank, the amount he was overdrawn for passing bad checks, in lieu of the State of Ohio filing any felony charges.