OPINION
{¶ 1} Defendant-appellant, Anthony Storer (hereinafter "Storer"), appeals the sentence imposed upon him by the Auglaize County Court of Common Pleas following his plea of guilty to one count of Failing to Register New Address, a felony of the third degree.
 {¶ 2} In May of 2004, Storer was being investigated on a complaint of deception to obtain dangerous drugs, but investigators could not locate Storer at his address of record. Investigators learned that the St. Marys Police Department had received information that Storer was residing in the Beech Tree Hill Apartments. Investigators also received information that Storer was living in a tent behind a residence on Cleveland Avenue in St. Marys. Storer, however, could not be found at either location. Officers finally located Storer living with a friend in the Fort Barbee Hotel. Storer had previously been adjudicated a sexual predator following a conviction for Gross Sexual Imposition and, pursuant to R.C. 2950.05, was required to notify the Sheriff's Office of a change of address.
 {¶ 3} On June 24, 2004, as a result of these actions, Storer was indicted on one count of Failing to Register New Address, a felony of the third degree. Following negotiation, Storer entered a plea of guilty.
 {¶ 4} Storer was sentenced on November 17, 2004. The trial court imposed a five-year term of imprisonment, the maximum term for a felony of the third degree, determining that Storer committed the worst form of the offense and posed the greatest likelihood of recidivism.
 {¶ 5} It is from this sentence that Storer now appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court imposed a sentence which is contrary to law andtherefore void.
 {¶ 6} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or is otherwise contrary to law. See R.C. 2953.08(G)(2). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999), 136 Ohio App.3d 355, 361.
 {¶ 7} R.C. 2929.14 provides that an offender who commits a felony of the third degree may be sentenced from one to five years in prison. The trial court may only sentence the offender to the maximum term if it finds that the defendant is a person who "committed the worst form of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). Moreover, the court must also give reasons for its findings on the record for sentencing an offender to the maximum term. R.C. 2929.14(C); R.C. 2929.19(B)(2)(d).
Storer argues herein that the evidence does not support the trial court's finding that he committed the worst form of the offense. Storer explains that he had been living with his brother until his brother asked him to leave. Storer asserts that after that time he became, essentially, homeless and did not have a permanent address to register or verify in compliance with sex offender registration statutes, a mitigating fact that the trial court failed to consider.
 {¶ 8} In the case sub judice, the trial court determined that Storer had previously violated the terms of his probation by contacting the victim of his original gross sexual imposition conviction. The trial court further found that Storer had a legal obligation to the community to register and keep the Sheriff's Office informed as to where he was. The trial court found that Storer's "homelessness" was not a mitigating factor, reasoning that sex offenders could claim "I'm homeless, I don't have a place to go, therefore, I don't have to register. Therefore, I don't have to allow anyone to know where I'm at. Therefore, the people wherever I'm living next door to won't know who I am and what I am." The trial court found that Storer's failure to notify the Sheriff's Office that he was no longer at his last address was an "attempt to avoid accountability" that was "manipulative and willful."
 {¶ 9} The trial court concluded that, with Storer's history, he had committed the worst form of the offense. The trial court also determined that Storer was "a person who poses the greatest likelihood of committing future crimes."
 {¶ 10} After review, giving proper discretion to the trial court on factual matters, we find that the record supports the trial court's conclusion that Storer committed the worst form of the offense. Even if the record did not support such a finding, the trial court made the additional determination that Storer posed the greatest likelihood of recidivism, considering his past criminal history, which dates back to the 1970s. Pursuant to R.C. 2929.14(C), the trial court may sentence an offender to the maximum term if it finds that the defendant is a person who "committed the worst form of the offense" or "who pose[s] the greatest likelihood of committing future crimes."
 {¶ 11} Next, Storer asserts that because the issue of whether he committed the worst form of the offense was not presented to a jury, his sentence is unconstitutional, pursuant to the recent United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466
and Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531.
 {¶ 12} The court in Apprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. In Blakely, the court held that, for purposes of Apprendi, the relevant statutory maximum is the "maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Id. at syllabus.
 {¶ 13} This court, however, has determined that Blakely is not applicable to Ohio's statutory scheme. See State v. Trubee (2005), 3d Dist. No. 9-03-65. In Trubee, we found as follows:
[u]nlike the Washington statute, the sentencing "range" created byR.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." Blakely, 124 S.Ct. at 2537. Rather, it limits a defendant'spotential sentence within the statutory range created by R.C. 2929.14(A).Put simply, the facts reflected in a jury verdict convicting a defendantof a third degree felony allow a sentence of up to five years. R.C.2929.14(B) merely limits judicial discretion in sentencing within thatrange. Trubee, id. at ¶ 23.
 {¶ 14} It is evident that Storer's five-year term of imprisonment is within the statutory range of one to five years for a felony of the third degree. Therefore, we do not find the trial court erred in sentencing Storer.
 {¶ 15} Accordingly, Storer's assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.