OPINION
{¶ 1} The defendant-appellant, Daniel L. Smith, appeals the judgment and sentence of the Auglaize County Court of Common Pleas sentencing him to a term of imprisonment.
 {¶ 2} An officer from the Wapakoneta Police Department arrived at a St. Mary's medical practice center in response to a doctor reporting domestic abuse. Upon arrival, the officer observed that the victim, Michelle Neale, had two black eyes, blood in her left eye, and bandages on her left hand from a cut. The victim confirmed that she was cut but refused to report any details of the incident.
 {¶ 3} After further investigation, the officer learned that Neale's nine year old daughter observed the incident that lead to Neale's injuries. The daughter stated that on November 13, 2004, Smith, who was living with Neale, and Neale started an argument, which resulted in Smith hitting Neale and cutting her with a knife. Furthermore, the daughter told the officer that a few days prior, Neale hit Smith in the knee with a metal baseball bat, which caused Smith to bleed.
 {¶ 4} Having been previously convicted of domestic violence, Smith was charged with domestic violence in violation of R.C.2919.25(A), a felony in the fourth degree. Smith pled guilty, and the trial court sentenced Smith to eighteen months incarceration. It is from this judgment and sentence that Smith appeals alleging one assignment of error.
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TOPROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISEDCODE, SECTION 2929.14 RESULTING IN THE DEFENDANT-APPELLANTRECEIVING A SENTENCE WHICH IS CONTRARY TO LAW.
 {¶ 5} Initially, we note that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2929.19(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made." State v.Martin (1999), 136 Ohio App.3d 355, 361, 736 N.E.2d 907. Thus, a sentence imposed by the trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
 {¶ 6} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crimes and punish the offender." State v. Avery (1998),126 Ohio App.3d 36, 50, 709 N.E.2d 875. However, trial courts are required "to make various findings before properly imposing a felony sentence." State v. Alberty (Mar. 28, 2000), 3rd Dist. No. 1-99-84. In fact, the trial court's findings under R.C.2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. SeeMartin, 136 Ohio App. at 361.
 {¶ 7} Pursuant to R.C. 2929.14(A)(4), a felony of the fourth degree, such as this case presents, warrants a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. The eighteen month prison term imposed by the trial court clearly falls within the range. Moreover, the Ohio Revised Code requires that the court
impose the shortest term authorized for the offense pursuantto division (A) of this section, unless one ore more of thefollowing applies:
 (1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others.
R.C. 2929.14(B)(1)-(2).
 {¶ 8} In the case before us, a review of the record indicates that Smith has an extensive criminal record, which was highlighted at the sentencing hearing. The record states:
The Court: I want to make sure that I have your recordcorrectly documented. Do you have any criminal convictions as anadult?
* * *
Daniel Smith: It's like public intoxication, a menacing chargeonce.
 The Court: Anything else?
 Daniel Smith: No, sir.
 The Court: Well, were you convicted of, for example, domesticviolence in July of, —
 Daniel Smith: Oh, yeah.
 The Court: —, 2004?
 Daniel Smith: Yes.
* * *
The Court: Menacing and disorderly conduct in `95, five (5)days later disorderly conduct in `95, and a persistent disorderlyconduct in `95, accurate or not accurate?
 Daniel Smith: I believe so, yes Sir.
 The Court: Assault in Chillicothe in `92?
 Daniel Smith: No.
 The Court: No, not in Chillicothe? You were arrested in `92for an assault.
 Daniel Smith: It was juvenile case [sic].
 The Court: In `92 you were an adult.
 Daniel Smith: Yeah, but I was arrested on a warrant fromjuvenile. I was a juvenile when it happened.
 The Court: So you were arrested on the warrant out of juvenilecourt?
 Daniel Smith: No I, — no, no. The assault I had when I was ajuvenile I spent then (10) days in jail for it.
 The Court: I see. You were arrested in 1989, the dispositionwas in May of 1992 after numerous stalling attempts by theDefendant including leaving his mother's residence and remainingwhereabouts unknown for some time. * * * You struck TravisGoodwin on the face several times on March 3 of 1989 but thenthey didn't catch up to you until `92 when they arrested you onthe warrant down in Chillicothe. Would that be the score?
 Daniel Smith: I guess so.
* * *
The Court: Ever been charged with criminal trespass in theState of Kentucky?
 Daniel Smith: No.
 The Court: Noted. Who is Chris Place?
* * *
The Court: And what happened between you and Chris Place?
 Daniel Smith: Just got into it.
* * *
The Court: You got charged with felonious assault.
 Daniel Smith: Yeah.
Sentencing Hearing Tr. at pp. 7-12.
 {¶ 9} Based on this exchange between the court and Smith, the court stated:
Court finds the Defendant has a prior adjudication ofdelinquency for violent crimes. Court finds the Defendant has aprior criminal history of criminal convictions for violentcrimes. Court finds the Defendant has failed to respond favorablyin the past to sanctions imposed for criminal convictions [sic].Court finds the Defendant shows no remorse for the offense andplaced blame upon the victim. Court finds that the recidivismlikely factors outweigh the recidivism unlikely factors. * * *
 That the relationship with the victim facilitated the offense;that this is an offense of domestic violence occurred [sic], thevictim was a family or household member. * * * Pattern of conductby this Defendant against this victim and against othersdemonstrates there is no substantial grounds for mitigation.
Id. at pp. 13-14.
 {¶ 10} Based on the findings of the sentencing court, which were affirmed by the defendant, we cannot conclude by clear and convincing evidence that the court below us erred in sentencing Smith to eighteen months incarceration. Specifically, we highlight Smith's criminal history and previous convictions, which primarily encompasses violent crimes. Accordingly, Smith's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.