OPINION
{¶ 1} Appellant-defendant, Brian Howard (hereinafter "Howard") appeals the eighteen month maximum sentence imposed by the Hancock County Court of Common Pleas following his conviction for menacing by stalking.
 {¶ 2} Howard was involved in a relationship with Ms. Jodie Houck (hereinafter "Houck") for several years. By November 2004, Houck attempted to end her relationship with Howard. However, Howard continued to frequently contact Houck by telephone, letters, and in person despite her repeated requests that he stop. Howard also contacted Houck at her job on at least three occasions, including a call where Howard falsely claimed he was Houck's brother and that there was a family emergency.
 {¶ 3} On or about November 21, 2004, Howard was arrested by the Findlay Police and charged with telephone harassment. While incarcerated at the Hancock County Justice Center, Howard continued to place numerous telephone calls to Houck.
 {¶ 4} On December 1, 2004, Howard was released from jail. Howard continued contacting Houck. Houck finally agreed to meet Howard on three separate occasions. At their third meeting, Howard threatened to kill Houck if she did not agree to be in a relationship with him.
 {¶ 5} On December 6, 2004, Dennis Lunguy, one of Houck's co-workers, was following Houck home to make sure she arrived safely when he discovered Howard sitting in a parked truck near Houck's place of employment. Thereafter, Lunguy pursued Howard and the two engaged in a heated verbal exchange. During the argument, Howard threatened to kill Houck. Later that day, Howard was arrested and indicted for menacing by stalking.
 {¶ 6} On March 9, 2005, the jury found Howard guilty of menacing by stalking pursuant to R.C. 2903.211, a felony in the fourth degree.[1]
On March 14, 2005, the trial court conducted a sentencing hearing and sentenced the defendant to eighteen months imprisonment, the maximum sentence for the offense.
 {¶ 7} It is from this maximum sentence that Howard appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of the Defendant-Appellant bysentencing him to the maximum term of imprisonment allowed by law whenthe record did not support the trial court's findings.
 {¶ 8} In his sole assignment of error, Howard argues that the trial court's findings for a maximum sentence were not supported by the record. Specifically, Howard asserts that the trial court's finding that his relationship with Houck facilitated the offense should have been offset by the fact that Houck induced or facilitated the offense. Moreover, Howard argues that the mere fact that he made contact with the victim in more than one way cannot support the trial court's finding that his conduct was a more serious form of the offense. Howard also maintains that the trial court's imposition of a maximum sentence was inconsistent with, rehabilitation, one of the purposes of sentencing.
 {¶ 9} In reviewing a felony sentence, an appellate court may not modify or vacate and remand a sentence unless it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or is otherwise contrary to law. See R.C. 2953.08(G)(2). The trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v.Martin (1999), 136 Ohio App.3d 355, 361, 736 N.E.2d 907.
 {¶ 10} When sentencing a defendant, the trial court may sentence an offender to the maximum term only if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). Moreover, the trial court must also state on the record the reasons for its findings sentencing an offender to the maximum term. R.C. 2929.14(C); R.C. 2929.19(B)(2)(d).
 {¶ 11} At the sentencing hearing in the case sub judice, the trial court examined the statutory sentencing factors and found that Howard committed the worst form of the offense and that he posed the greatest likelihood of committing future crimes.
 {¶ 12} In examining the seriousness factors, the trial court found that Howard's relationship with the victim facilitated the offense. In making this finding, the trial court pointed to the fact that Howard's relationship with Houck provided him with information about her schedule, where she lived, and where she worked. The trial court further found that Howard and Houck's relationship provided Howard with information about how to cause the most stress to his victim.
 {¶ 13} Howard argues that the trial court should have found that thevictim facilitated the offense, and that such finding would have offset the finding that the relationship facilitated the offense. Howard argues that Houck agreed to meet with him, therefore, the trial court should have found that Houck facilitated the offense.
 {¶ 14} At the sentencing hearing, the trial court specifically stated that it could not "find, based upon the evidence, that Ms. Houck induced or facilitated this, and there certainly is no evidence of strong provocation." The fact that Houck agreed to meet Howard in an attempt to convince him to stop harassing her does not indicate that she induced or facilitated the offense. Howard has been unable to prove by clear and convincing evidence that the trial court erred in its refusal to find that the victim facilitated the offense.
 {¶ 15} The trial court also found that the various methods which Howard employed to stalk his victim, as well as the vast number of contacts he made, caused the crime to be a more serious form of the offense. The trial court pointed to Howard's frequent telephone calls to Houck at home and at work, following her, going to her house, and leaving letters for her.
 {¶ 16} In addition, the trial court examined the recidivism factors listed in R.C. 2929.12(D). The trial court found that Howard had an extensive history of misdemeanor criminal convictions, including multiple criminal assaults, several telephone harassment convictions, menacing, criminal damaging, domestic violence, and three convictions for violating civil protection orders.
 {¶ 17} Under R.C. 2929.12(D), the trial court found that Howard was on a community control sanction from another court at the time he committed the current offense and that he has not responded favorably to other sanctions which have been imposed.
 {¶ 18} The trial court also considered factors not specifically listed in the sentencing statutes. Pursuant to R.C. 2929.12(A), a trial court "may consider any other factors that are relevant to achieving those purposes and principles of sentencing." In sentencing Howard, the trial court also considered the following:
[A]lso related to the recidivism is something that I would consideranother factor. It's not simply that Mr. Howard has prior criminalconvictions. It's the similarity of those convictions, the nature ofthose convictions related to this conduct, which in my judgment meansrecidivism is more likely than not. Clearly a pattern of conductindicating defiance to authority. Disregard for the rights of others. Andthe clear lack of understanding that some people just want to be leftalone.
 {¶ 19} At the sentencing hearing, the trial court looked at the recidivism less likely factors and found only that there was no official record of delinquency adjudications.
 {¶ 20} We find in reviewing the record that it supports the trial court's finding that Howard posed the greatest likelihood of committing future offenses. Howard has an extensive criminal misdemeanor record including three civil protection order violations. Moreover, Howard continued making threatening calls to Houck even while incarcerated for his telephone harassment of her. The trial court adequately stated on the record its reasons for imposing a maximum sentence at the sentencing hearing.
 {¶ 21} R.C. 2929.14(C) provides that a trial court may impose a maximum sentence if it finds that the defendant either "committed the worst form of the offense" or "poses the greatest likelihood of committing future crimes". Because the trial court's finding of "greatest likelihood of committing future crimes" is supported by the record, we need not reach the trial court's finding of worst form of the offense in order to uphold the imposition of a maximum sentence. See R.C. 2929.14(C);State v. Cosgrove, 3d Dist. No. 2-2000-33, 2001-Ohio-2352.
 {¶ 22} Finally, Howard maintains that the trial court's imposition of a maximum sentence is inconsistent with its finding that until he undergoes counseling he is likely to commit future offenses. As a basis for that argument, Howard points to the trial court's statements that until he "addresses these problems * * * he had with respect for the rights of others and authority, that this is likely to reoccur. Perhaps some day [with] the appropriate counseling and teaching he will have a different view."
 {¶ 23} R.C. 2929.11 provides that an overriding purpose of felony sentencing is to protect the public. At the sentencing hearing, the trial court found that Howard posed a risk to the public and that imprisonment was necessary so he was "not free to reek havoc upon the community * * *". Because the trial court found that Howard posed a danger to the public its imposition of a maximum term of imprisonment does not conflict with the purposes of sentencing under R.C. 2929.11.
 {¶ 24} For the foregoing reasons, we find that Howard has not shown by clear and convincing evidence that the trial court erred in imposing a maximum sentence. Howard's assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.
[1] Menacing by stalking is a first degree misdemeanor pursuant to R.C. 2903.211(B)(1) unless one of the aggravating factors provided in R.C. 2903.211(B)(2)or (3) are present. Menacing by stalking is a felony of the fourth degree pursuant to R.C. 2903.211(B)(2)(b) if "[i]n committing the offense * * * the offender made a threat of physical harm to or against the victim * * *." In the present case, the jury found the defendant made a threat of physical harm to or against the victim; therefore, Howard was convicted of a felony in the fourth degree rather than a first degree misdemeanor.